WHEELER *v.* ALTON SCHOOL DISTRICT.

School-districts are not liable to their school boards for wages paid, or for board furnished to teachers.

ASSUMPSIT, for money paid and board furnished a school-teacher· The plaintiff was a member of the school board of the defendant district. There was evidence tending to show that he was authorized by the other members of the board (if such authority could legally be given) to examine and hire a teacher for a certain school. He examined this teacher for this school, gave her a certificate signed by himself, and hired her for the school. The money paid was for her services under this employment, and the board was furnished to her by the plaintiff during the time she kept the school under such employment. She was not examined by either of the other members of the board, and had no certificate of examination from either of them. The plaintiff was not treasurer of the district or of the board, and had no funds of the district in his hands.

At the close of the plaintiff's evidence the defendant moved for a nonsuit, on the ground that the hiring of the teacher was illegal on account of the teacher's not having been examined by a majority of the board and having no certificate of examination from a majority of the school board; also on the ground that the action would not lie against a school-district for money paid or for board furnished. The motion was overruled, and the defendant excepted. Verdict for the plaintiff on both items.

*E. H. Shannon*, for the plaintiff.

*E. A. & C. B. Hibbard*, for the defendants.

BLODGETT, J. Whether the plaintiff was or was not properly authorized to examine and hire the teacher and furnish her with board, he could contract only on the credit of the school-money of the district, and not on the credit of the district itself. There is no evidence of any express promise of the defendants to the plaintiff, nor is there any evidence from which such promise can be implied. The money appropriated by law for the support of public schools constitutes the fund from which the ordinary expenses of the schools are to be defrayed, and under the decisions in this state school boards are not agents of the district, but trustees for it. *Barrett* v. *School District*, 37 N. H. 445, 448, 449 ; *Giles* v. *School District*, 31 N. H. 304, 311, 312 ; *Stebbins* v. *School District*, 16 N. H. 510, 512, 514 ; *Tolman* v. *Marlborough*, 3 N. H. 57. As a consequence they can only contract debts on the credit of the school fund (authorities *supra*), and the plaintiff must seek his reimbursement accordingly.

*Verdict set aside.*

CLARK, J., did not sit : the others concurred.