Rockingham, }
  Feb. 1, 1910. }

## HORNE *v.* CHESTER SCHOOL DISTRICT.

Since the enactment of the Public Statutes in 1891, it has not been the duty
   of school boards to provide board for teachers.
A regulation adopted by a school board is not valid unless it has been
   recorded and read in conformity with section 5, chapter 92, Public Statutes.
A teacher who has conformed to all valid regulations of the school board and
   is dismissed without a hearing may recover full salary for the period for
   which she was engaged, under chapter 59, Laws 1905.

ASSUMPSIT, under chapter 59, Laws 1905, for wages as a school
teacher. Trial by the court and verdict for the plaintiff, to which
the defendants excepted. Transferred from the January term,
1909, of the superior court by *Pike,* J.

The school board of the defendant district made it a condition
of the plaintiff's employment as teacher that she should board at a
certain house, and she did so during the first five weeks of the
term. She then informed a member of the board that circum-
stances had arisen which made her unwilling to board longer at
the designated place, asked to be allowed to continue as teacher
and board elsewhere, and was told that she must live at the house
selected if she remained in charge of the school. Upon her refusal
to comply with these terms, she filled out her register at the request
of the school board and was paid for the five weeks she had taught.
She was not notified or allowed to appear and be heard before
any meeting of the board. The ordinary length of the term for
which the plaintiff was employed was twelve weeks, and she was
led to believe that her employment was for that time. In requir-
ing the teacher to board at the place designated, the school board
acted in good faith and for the good of the school.

*Eastman, Scammon & Gardner,* for the plaintiff.

*G. K. & B. T. Bartlett,* for the defendants.

PARSONS, C. J. Whether the plaintiff acquiesced in the termi-
nation of her employment and waived further compensation is a
question of fact concluded by the verdict. Under the law prior
to the abandonment of the district system, abolished by the law of
1885 (*c.* 43), it was the official duty of the prudential committee
of the district to select and hire teachers and to provide them
board. *School District* v. *Currier,* 45 N. H. 573. By the act of

1885 (*c.* 43, *s.* 4), the duties of both prudential and school committees were imposed upon school boards. In the definition of these duties in the next revision (1891), the provision as to board was omitted. P. S., *c.* 92, *s.* 2. The Public Statutes (*c.* 92, *s.* 5) also provide that "the school board may prescribe regulations for the attendance upon, and for the management, studies, classification, and discipline of, the schools; and such regulations, when recorded by the district clerk, and a copy thereof has been given to the teachers and read in the schools, shall be binding upon scholars and teachers." The rule of the board as to the teacher's boarding-place related to a matter as to which they were given no authority by existing law; and if by any process of reasoning it could be held to be embraced within the power to make regulations given by the section quoted, it does not appear to have been recorded and read so as to become binding upon the teachers. Their refusal, therefore, to permit the plaintiff to continue the school with a different boarding-place was unwarranted, and the plaintiff's determination to change her boarding-place did not authorize them to terminate her employment as teacher.

But the school board are trustees—not agents—of the district, and districts are not liable on contracts made by them for the wages of teachers. *Wheeler* v. *Alton,* 68 N. H. 477; *Wheeler* v. *School District,* 66 N. H. 540; *Barrett* v. *School District,* 37 N. H. 445; *Stebbins* v. *School District,* 16 N. H. 510; *Tolman* v. *Marlborough,* 3 N. H. 57. Hence the plaintiff to sustain her action relies upon the provisions of chapter 59 of the Laws of 1905, repealing existing statutes and providing: "They [the school board] may dismiss any teacher found by them to be immoral or incompetent, or who shall not conform to the regulations prescribed; provided, however, that no teacher shall be so dismissed before the expiration of the period for which said teacher was engaged, without having previously been notified of the cause of such dismissal, and provided, further, that no teacher shall be so dismissed without having previously been granted a full and fair hearing. Sect. 4. The district shall be liable in the action of contract to any teacher dismissed in violation of the provisions of the preceding section, to the extent of the full salary for the period for which such teacher was engaged."

The verdict for the plaintiff is based upon her dismissal without a hearing. As the school board acted in good faith and for the good of the school in making the requirement as to the teacher's boarding-place, it could be inferred that they understood that this requirement was a regulation which, under the statute upon the subject quoted or by force of some other provision of law, they had power to prescribe, and that they dismissed the plaintiff for

failure to conform thereto.    Upon a hearing before the board, the plaintiff would have been entitled to be heard upon the power of the board to make the regulation and whether it had been prescribed so as to be binding upon her, as well as upon its reasonableness under the then existing circumstances, or the fact of her conformity thereto.    This appears to have been the view of the facts taken by the superior court.    As the inference may have been drawn, it must be assumed that the fact was so found if such finding is necessary to support the verdict.    The verdict is therefore sustained by the fact that the plaintiff did not fail to conform to all valid regulations prescribed, as well as by the absence of the required hearing.

*Exception overruled.*

All concurred.