[S. F. No. 5471.  Department Two.—October 18, 1911.]

## MARGARET M. STUART, Respondent, v. BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

PUBLIC SCHOOLS—SAN FRANCISCO—BOARD OF EDUCATION—RESOLUTION REQUIRING TEACHERS TO RESIDE WITHIN CITY LIMITS.—Under article VII, chapter III, section 1, of the charter of the city and county of San Francisco and section 1616 of the Political Code, the board of

education of that city and county is empowered by resolution to require teachers and other employees of the school department to reside within the city and county during their terms of office or employment.

ID.—REASONABLENESS OF RESOLUTION — RESIDENTIAL REQUIREMENT OF OTHER OFFICERS.—In view of the fact that the charter of the city and county requires all of its officers, deputies, clerks, assistants, and other employees, including the members of the board of education itself, to be residents of the city and county, and that section 996 of the Political Code contemplates a like residence of officials within the territory where their duties are to be performed, it cannot be said that such resolution of the board of education is unreasonable.

ID.—PROCEEDING TO ENJOIN ENFORCEMENT OF RESOLUTION—IMMATERIAL AVERMENT.—In a proceeding by a teacher in the public school of such city and county to enjoin the enforcement of such resolution, an allegation that her residence in another place "does not interfere in any manner with the performance of her duties," is immaterial and does not affect the validity or invalidity of the resolution.

ID.—QUALIFICATION OF TEACHERS.—Such resolution is not the imposition of a "qualification" which a teacher must possess, in addition to the qualifications prescribed by sections 1791 and 1793 of the Political Code.

ID.—DISMISSAL OF TEACHER FOR INSUBORDINATION.—Section 1793 of the Political Code contemplates dismissal of a teacher for insubordination, and a refusal of a teacher to comply with a reasonable regulation of the board is such insubordination.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney, and N. J. Manson, Assistant City Attorney, for Appellants.

Mastick & Partridge, for Respondent.

HENSHAW, J.—This action was to enjoin the defendants, the board of education of the city and county of San Francisco and the superintendent of schools thereof, from enforcing a general resolution passed by the board requiring teachers and other employees of the school department to reside within the city and county during their terms of office or employment. Upon defendants' refusal to answer after their demurrer was

overruled, judgment passed for plaintiff as prayed for and defendants appeal.

A part of the argument of appellants is directed to the provisions of the charter of the city and county (article XVI, section 2) which declares that "all deputies, clerks, assistants and other employees of the city and county must be citizens of the United States and must during their respective terms of office or employment, actually reside in the city and county and must have so resided for one year preceding their appointment." In this connection it is argued that school teachers are officers of the city within the contemplation of this provision. Respondent makes answer that the school system is a state and not a municipal affair; that school teachers are not officers or employees of the city and county at all but are employees of the board of education, and that to hold that a teacher is a municipal officer would work incalculable confusion and hardship and would immediately result in forfeiting the positions of many such teachers under the provision of section 996, subdivision 5, of the Political Code which declares: that an office becomes vacant upon the incumbent "ceasing to be an inhabitant of the district, county, city or township for which he was chosen or appointed, or within which the duties of his office are required to be discharged." Into these considerations, however, we think it unnecessary to enter for, aside from them, the charter confers full power upon the board of education (if such a grant of power be needed) to pass the resolution here under review. It declares (article VII, chapter III, section 1) that "in addition to the powers conferred by the general laws of the state, the board of education shall have power; 4. To establish and enforce all necessary rules and regulations for the government and efficiency of the schools and for carrying into effect the school system." In this connection section 1616 of the Political Code provides that "boards of education are elected in cities under the provisions of the laws governing such cities and their powers and duties are as prescribed in such laws except as otherwise in this chapter provided."

In view of the fact that the charter of the city and county of San Francisco requires all of its officers, deputies, clerks, assistants, and other employees, including the members of the board of education itself, to be residents of the city and county, and in view of the further fact that the state law con-

templates a like residence of officials within the territory where their duties are to be performed (Pol. Code, sec. 996), it will not be said that the resolution of the board of education requiring a residence of teachers within the municipality is unreasonable. To the contrary, in contemplation of the fact that the teacher stands in *loco parentis,* that it may become her duty to devote her time to the welfare of individual pupils even outside of school hours, that the hurrying for boats or trains cannot be regarded as conducive to the highest efficiency on the part of the teacher, that tardiness may result from delays or obstructions in the transportation which a non-resident teacher must use, and finally, as has been said, that the "benefit of pupils and resulting benefits to their parents and to the community at large, and not the benefit of teachers is the reason for the creation and support of the public schools" (*Bates* v. *Board of Education,* 139 Cal. 145, [72 Pac. 907], all these, and many more considerations not necessary to detail, certainly make the resolution in question a reasonable exercise of the power of the board of education. Nor can the matters pleaded,—namely, that the residence of the plaintiff in the city of Berkeley "does not interfere in any manner with the performance of her duties" be given any weight in such a consideration. It is a conclusion which cannot affect the validity or invalidity of the resolution.

Nor can we agree with respondent that the resolution in question is the imposition of an additional "qualification" which a teacher must possess, which qualification is not within the power of the board of education to exact. True, section 1793 of the Political Code, in conjunction with 1791 thereof, does prescribe certain qualifications and give a list of causes and reasons for which teachers may be dismissed or removed, but a regulation concerning residence is not an added "qualification" within the contemplation of this law, any more than would a resolution that a teacher should be free from contagious disease; and it would scarcely be said that if the board of education passed a resolution to that effect that it would add another and an unlawful "qualification" to those prescribed by the Political Code. Nor does it matter in this case, as respondent argues, that the board of education has no power to dismiss a teacher except for the reasons prescribed by section 1793 of the Political Code. That section itself con-

templates dismissal for insubordination and clearly a refusal of a teacher to comply with a reasonable regulation of the board would be such insubordination.

For these reasons the judgment appealed from is reversed with directions to the trial court to sustain defendants' demurrer.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.