## Horosko, Appellant, v. Mount Pleasant Township School District et al.

Argued December 16, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Milford J. Meyer,* with him *Louis A. Fine* and *David J. Reedy,* for appellant.

*Leigh B. Maxwell,* for appellees.

OPINION BY RHODES, J., March 3, 1939:

Appellant was dismissed as a teacher by the Board of School Directors of the School District of the Township of Mount Pleasant, Wayne County, after hearing on October 22, 1937. She appealed by petition to the court of common pleas, and requested in her petition a hearing de novo. After such hearing the court of common pleas affirmed the action of the board, and

stated that appellant was to be discharged as teacher in the said school district. An appeal was then taken to this court.

Appellant was employed as a teacher by appellee on August 14, 1935, under a written contract. She was so employed when the Teachers' Tenure Act of 1937, P. L. 213, 24 PS §§1121 and note, 1126, 1128(a), 1161, 1201, 1202, was passed and became effective. See *Teachers' Tenure Act Cases*, 329 Pa. 213, 197 A. 344. On October 9, 1937, appellant was notified of a meeting of the board to be held on October 22d to consider the termination of her contract "upon grounds of incompetency, intemperance and in acting as waitress in the Beer Garden of [her] husband, wilful and persistent negligence in leaving the school grounds during school hours."

Appellant attended the hearing on the date fixed.

Section 1205(a) of the School Code, Act of May 18, 1911, P. L. 309, as amended by the Act of May 29, 1931, P. L. 243, §26, and as further amended by the Act of April 6, 1937, P. L. 213, §2, 24 PS §1126(a), provides as follows: "The only valid causes for termination of a contract in accordance with the provisions of this section shall be—Immorality, incompetency, intemperance, cruelty, wilful and persistent negligence, mental derangement, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe, or substantial decrease in the number of pupils or students due to natural causes."

Prior to the notice of October 9th appellee had given to appellant a notice dated October 5th to the effect that her contract had been "terminated upon the grounds of incompetency, wilful and persistent negligence and wilful and persistent violation of the school laws of the Commonwealth of Pennsylvania." Appellant then requested a hearing and a written statement of the charges. This request was followed by the notice of October 9th. In justification of the procedure fol-

lowed by appellee, counsel argues that the Act of April 6, 1937, P. L. 213, §2, 24 PS §1126, makes a distinction between the dismissal and the termination of contracts of professional employees. It is true that prior to the Act of April 6, 1937, P. L. 213, sections 403, 1208, and 1205 (as amended by the Act of May 7, 1929, P. L. 1576, and Act of May 29, 1931, P. L. 243, §26), of the School Code of May 18, 1911, P. L. 309, when read together made a distinction between dismissing a teacher and terminating a teaching contract at the end of a term. See *Gerlach v. School District of Little Beaver Township et al.*, 119 Pa. Superior Ct. 520, 526, 180 A. 756. Section 1208, 24 PS §1127, repealed by the Act of April 6, 1937, P. L. 213, §8, provided that any principal or teacher "may be dismissed, at any time, by the board of school directors, on account of immorality, incompetency, intemperance, cruelty, negligence, or for the violation of any of the provisions of this act: Provided, That, before any principal or teacher is dismissed he shall be given an opportunity to be heard, after reasonable notice in writing of the charges made against him."

It would seem, that the Act of April 6, 1937, P. L. 213, §2, 24 PS §1126, provides for the termination of a contract by refusal of reelection or by dismissal during the term. In *Walker's Appeal*, 332 Pa. 488, 2 A. 2d 770, it was held that a contract may also be terminated by the fulfillment of a condition subsequent. However, section 1205(a) of the School Code, as amended, 24 PS §1126(a), apparently applies to the dismissal of professional employes.[1] When appellant presented her petition to the court of common pleas requesting a hearing de novo, it follows that there was no review of the records or of the testimony taken before the board. As provided by section 1205(j), 24 PS §1126(j), the court of common pleas, after hearing, is to make "whatever order it considers just, either affirming or reversing the action of the Board of School

---

[1]See *Walker's Appeal*, 332 Pa. 488, 2 A. (2d) 770 footnote 8.

Directors, and stating plainly whether the professional employe is to be discharged, refused reelection or is to be retained." In both appellee's and appellant's briefs, *Swink's Case,* 132 Pa. Superior Ct. 107, 200 A. 200, is cited in connection with the alleged defective procedure in the instant case. In *Swink's Case,* supra, after appeal by the teacher from the action of the board of school directors to the court of common pleas, the facts were agreed upon by the parties and stated for the judgment of the court. The validity of the procedure adopted by the board in that case was also raised in the agreed facts. This question was considered by the court below, and our opinion was in conformity with the facts as stated.

Appellee presented evidence at the hearing before the court below to support the charges of appellant's incompetency, intemperance, and wilful and persistent negligence. The court below has summarized the evidence as follows: "(1) While Miss Horosko used and was known by the name of Evelyn Horosko she was in fact married to one William Connors and lived with him as his wife; (2) That the said Connors was the proprietor of a lunch room and beer garden in which Evelyn Horosko acted as waitress and, on occasion, as bartender, such services being performed after school hours and during the summer vacation; (3) That in this beer garden and in the presence of several of her pupils whom she was tutoring, she (a) took an occasional drink of beer; (b) served beer to customers; (c) shook dice with customers for drinks; (d) played, and showed customers how to play a pin-ball machine on the premises. And further, that she was rated by A. H. Howell, County Superintendent of Schools, under the rating card provided by the Department of Education, as 43% competent, a rating of 50% being the 'passing' or average rating.

"Is such a course of conduct immoral or intemperate,

and does it—in connection with her scholastic and efficiency rating—amount to incompetency?"

If the evidence supports the order of the court below it must be affirmed, as "the findings of fact by a judge, which involve the credibility of witnesses and the weight to be given their testimony, will be given the effect of a verdict of a jury and they will not be disturbed where there is testimony to support them": *Eppsteiner v. Isman,* 239 Pa. 393, at page 394, 86 A. 878.

A careful examination of the evidence requires us to differ with the conclusion of the court below. The valid causes for which a teacher may be dismissed are set forth in the Act of April 6, 1937, P. L. 213, which is "intended to provide the greatest measure of protection possible against dismissal of employees": *Teachers' Tenure Act Cases,* supra, 329 Pa. 213, at page 234, 197 A. 344, at page 357. The continuation of appellant as a teacher may not be for the best interests of the children of her school or of the school system in that township, but the heretofore discretionary power of school boards to oust employees without cause has been taken away. See *Teachers' Tenure Act Cases,* supra, page 222. In *Millar's Appeal,* 30 D. & C. 1, at page 5, Judge SHEELY aptly said: "The wisdom of the act is solely a question for the legislature, and if the board fails to sustain the charges brought against the teacher by evidence which is legally competent and relevant it is the duty of the court to reverse the action of the board even though the result may be that the board is forced to retain a teacher whom they do not desire and who has lost the confidence not only of the board but of the community and the pupils."

By the evidence the charge of incompetency is clearly not sustained. Appellant was graduated from a teachers' college in 1935, and received her temporary teacher's certificate. During her four years at college she had in her courses 23 As, 17 Bs, and 3 Cs. The pass-

ing mark of the institution was D. At the beginning of the school year 1935-1936, she assumed her duties as teacher under a written contract with appellee, and continued until dismissed on October 22, 1937. A. H. Howell, superintendent of schools of Wayne County, a witness for appellee on the charge of incompetency, testified that on April 6, 1937, he made a rating of appellant, which, upon the basis of 100, was fixed at 43. The rating was apparently made in accordance with the plan furnished by the Department of Public Instruction, and for the purpose of determining the teacher's fitness or competency to eventually receive a permanent certificate. On the test set up by the Department of Public Instruction, and according to the testimony of this witness, appellant was qualified to teach. This evidence of a rating of 43 could not in itself establish incompetency. It is true that appellant's rating was 7 points below the rating necessary for a permanent certificate, but her temporary certificate authorized her to teach for three years, in the public schools of this Commonwealth, the subjects prescribed for the curriculum of an elementary school. This certificate was issued by the Department of Public Instruction to appellant upon satisfactory evidence of the requisite qualifications, and was duly registered on September 27, 1935. See Act of May 29, 1931, P. L. 210, 24 PS §1224 et seq. It does not appear that appellant's certificate to teach had been revoked or suspended. In order to obtain a permanent certificate, it was testified that her card rating would have to be 50 or better at the end of three years' teaching. Although it does not appear in the record, it was admitted by counsel at the argument that a rating of 30 or better would entitle appellant to a three-year renewal of her temporary certificate as this witness testified at the hearing before the board. Even if the board would not hire a teacher with appellant's rating, if it were previously known, it cannot now dismiss her as incompe-

tent merely on proof of such rating. This is true no matter what the board may feel about the effect on the best interests of the school district of continuing to employ appellant. The board's action is circumscribed by the statute. The burden of proving appellant's incompetency was upon the board, and in our judgment it has failed to show it. Mr. Howell, the superintendent of schools, did not say that appellant was incompetent. On the charge of intemperance there is likewise no proof. Serving beer in her husband's place of business, shaking dice on one occasion, and playing a pin ball machine, even after the school term was over, may not be conduct entirely becoming a school teacher. It does not appear that any of these alleged acts were during school hours, or that they in any way interfered with her school work. Even the occasional taking of a drink of beer is not proof of intemperance. A teacher with such associations and inclinations may not be one in whose hands should be placed "the molding of the character, intellect and future of young children," but those acts do not establish intemperance. It may be true, as counsel for appellee argues, that appellant now commands neither the respect nor the good will of the community, but these are not matters which the statute now recognizes as causes for dismissal. Acting as a waitress now and then in her husband's place of business where beer was legally sold was not in this case a cause for dismissal. It is not one of the causes for termination of a teacher's contract enumerated in the statute. 24 PS §1126(a). Having taken place when school was not in session, the court below properly ruled that such conduct "could not be construed as an immoral act or as a dereliction of duty." Appellant was not charged with immorality, a cause for termination of a contract recognized by the statute, and that there was any proof of immorality has not been argued or alleged in the briefs filed in this case.

Bearing on the charge of wilful and persistent negli-

gence but one incident appears in the record. It was testified that appellant went to church on Ascension Thursday of 1937, and left some of the children unattended in the school, who had not been called for by their parents. The other children were taken by their parents to church. If this was an act of negligence, it cannot be said that it was both wilful and persistent, as persistent means continuing or constant. A single act, as described, of no serious nature and without injury to any one cannot be construed as "wilful and persistent negligence." Prior to the Act of 1937, P. L. 213, negligence and the violation of any of the provisions of the School Code were grounds for dismissal after hearing. Since the Act of 1937, P. L. 213, the negligence must be "wilful and persistent," and the violation of the school laws on the part of a professional employee must be "persistent and wilful." The change is obvious.

By virtue of section 404 of the School Code, Act of May 18, 1911, P. L. 309, as amended by the Act of May 29, 1931, P. L. 243, §9, 24 PS §338, a school board may adopt such reasonable rules and regulations as it may deem necessary and proper regarding the management of its affairs and the conduct and deportment of teachers *(Jones v. Kulpmont Borough School District,* 333 Pa. 581, 3 A. 2d 914). The record does not show that the board adopted any rules and regulations as to the conduct and deportment of its teachers, and it does not appear that appellant was guilty of "wilful and persistent negligence" for which she could be dismissed, or that her conduct could be classed as "persistent and wilful violation of the school laws." See *Ganaposki's Case,* 332 Pa. 550, 2 A. 2d 742; *Jones v. Kulpmont Borough School District,* supra.

The action which the board has taken, and which the court below has approved, may be desirable for many reasons, but the legislature, by the Act of April 6, 1937, P. L. 213, has greatly limited the discretionary

power of school boards. We find no evidence in the record to sustain any of the charges against appellant. The action of the court below must therefore be reversed.

The order of the court below is reversed, and the Board of School Directors of the School District of the Township of Mount Pleasant, Wayne County, is directed to reinstate appellant in accordance with the terms of her contract.