### Womer's Case.

434

Argued March 16, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*John C. Arnold*, with him *D. Edward Chaplin*, of *Arnold & Chaplin*, for appellant.

*Robert V. Maine*, with him *Frank G. Smith*, for appellee.

Opinion by Rhodes, J., April 21, 1939:

Appellant and the Board of School Directors of the School District of the Borough of Osceola Mills entered into a contract on May 6, 1937, wherein it was agreed that appellant, a professional employee, "teach in the said school district for a term of nine months for an annual compensation of $1170 payable, monthly or semi-monthly during the school term or year less the contribution required by law. ......" The contract was in the statutory form, and provided "that this contract shall continue in force year after year. ......" On July 26, 1938, appellant was notified that she had been dismissed from the employ of the school district for the reason that she was unqualified to perform the duties for which she was employed and did not have a permanent teacher-librarian certificate. The notice also stated that a hearing would be held on August 10, 1938, when she would be given an opportunity to be heard. A hearing before the board, which appellant attended, was held on the date fixed; and the board, on August 18, 1938, discharged appellant "from her position as teacher-librarian, and do hereby refuse to reelect or retain the said Mary Katherine Womer as a teacher and/or librarian for the next ensuing yearly school term, being the 1938-1939 school term." The grounds for this final action were stated to be: (1) That appellant's provisional college certificate had expired, and (2) that she did not have a librarian certificate for the ensuing school year. An appeal was taken by her to the court of common pleas, requesting a hearing de novo. The court below sustained the action of the board in terminating the contract of appellant because of the lack of a certificate to act as a part-time librarian for the ensuing school year. At the hearing before the court below the first of the reasons given by the board for appellant's dismissal was conceded to be without basis. Appellant was first employed to teach for the

school year 1936-1937, and continued to serve during the school year 1937-1938 in the high school of the school district of Osceola Mills. The first contract with the school district was dated May 20, 1936. There was inserted in this contract that the teacher "further agrees to devote all time to the teaching of said School and work incidental thereto, to the exclusion of any other business during the continuance of this agreement. ......" Appellant held a provisional college certificate, which, it was testified, permitted her to teach for three years, and which set forth the branches that she was entitled to teach in the public schools of this Commonwealth. At the time she was first employed the school directors knew that she had not had library science, and that she was not qualified to act as a librarian. An emergency certificate to so act having been obtained on August 20, 1936, on application of the board, she was assigned to teach civics for twelve hours a week, and to act in the library for twelve hours a week. She also had "health" one hour a week, "activities" one hour a week, and supervision of the study hall four hours a week. The board followed the same practice for the school year 1937-1938, and after the execution of the contract of May 6, 1937. The board refused to apply for an emergency certificate for appellant to act as librarian for the school year 1938-1939. She was never notified by the board that she would be required to do additional college work in order to become eligible for a permanent librarian certificate, and that a failure to obtain such certificate would result in her dismissal and the termination of her contract.

It appears from the contract of May 6, 1937, that appellant was employed for the school year 1937-1938 to teach in the schools of that school district for a period of nine months. It was testified that under her provisional college certificate she would have been permitted to teach the subjects therein enumerated for the

school year 1938-1939. For the previous school years she had been assigned to teach some of the subjects for which she was properly qualified. She was also asked to do that which her provisional college certificate did not permit. The question before us is whether the school board could terminate her contract for the reason that she never obtained a permanent librarian certificate, which the board had not demanded prior to its notice to her of the refusal to reelect or retain her for the school year 1938-1939.

Appellant was a qualified teacher, and she gave her entire time in accordance with her contracts to the school district, and taught those subjects and performed such duties as the board assigned. She was a professional employee[1] who had been employed to teach, and she could be assigned to such teaching duties for which she was qualified under her certificate as the board directed. *Ganaposki's Case,* 332 Pa. 550, 2 A. 2d 742. The board knowingly assigned to her duties for which she was not qualified by her provisional college certificate. Inability to continue the work which the board had made possible by application for temporary librarian certificate was no valid cause for the termination of her contract. "In order to protect teachers in their tenure of position, sections 2 and 6 of the Tenure Act [Act of April 6, 1937, P. L. 213 (24 PS §§1126, 1128a)] provide that contracts should be of permanent duration, unless terminated in accordance with the provisions of the Act": *Smith v. Philadelphia School District,* 334 Pa. 197, at page, 205, 5 A. 2d 535, at page 539.

The School Code provides that a teacher must "teach" under the authority of the board, and the refusal to do so is a direct violation of the code and his or her

---

[1] See section 1201 of the Act of May 18, 1911, P. L. 309, as amended by section 1 of the Act of April 6, 1937, P. L. 213, 24 PS §1121.

contract. *Ganaposki's Case*, supra. Appellant taught the subjects to which she was assigned and qualified, and at no time did she refuse to perform any assigned duties.

Although the board may have intended when she was originally employed that she was to perform the duties of a part-time librarian, they knew that she had no certificate to do this work. With knowledge of this situation they again entered into a contract with her on May 6, 1937, to teach in the schools of that school district. Appellant's contract was made after the Teachers' Tenure Act of April 6, 1937, P. L. 213, went into effect, and it was protected thereby. *Jones v. Kulpmont Borough School District*, 333 Pa. 581, 3 A. 2d 914. The Tenure Act by its provisions greatly limited the theretofore discretionary power of school directors to dismiss professional employees or terminate existing contracts. *Walker's Appeal*, 332 Pa. 488, 2 A. 2d 770. See, also, *Horosko v. Mount Pleasant Township School District*, 135 Pa. Superior Ct. 102, 4 A. 2d 601. No legal cause for the termination of appellant's contract appears in the record. When she was refused reelection and her contract terminated, appellant possessed all the qualifications that she possessed at the time of her original employment. She had no permanent librarian certificate at the time of her employment and the execution of the contract on May 20, 1936, or at the time of the execution of the new contract on May 6, 1937. Her librarian services were performed for two years under emergency certificates for which the board applied from time to time. The condition upon which they base their action in refusing to reelect appellant and in terminating her contract was one of which they were aware at the time of its execution; it was not the result of the conduct of appellant, or the absence of qualifications to teach in accordance with the provisions of her contract. Under

her contract appellant was available as a teacher within the qualifications expressed in her teacher's certificate. In *Ganaposki's Case,* supra, 332 Pa. 550, at page 552, 2 A. 2d 742, at page 743, it was said: "The statutory form of contract does not define teaching duties or those to which a teacher may be assigned. 'Teach' as thus used has a comprehensive as well as a restricted meaning. The School Code restricts its meaning to instruction within the qualifications expressed in the teacher's certificate; but in a broad sense, it refers to general instruction within the fields certified, including all incidents and subdivisions thereof. Within these qualifications, the discretion of the school authorities is absolute, under the contract, to assign the teacher regardless of prior understandings before his contract was entered into."

Appellant's contract of May 6, 1937, cannot be terminated because she was unqualified to perform some duties to which she was assigned by the board when, with full knowledge of the board, she did not possess those qualifications at the time she was employed and the contract between her and the school district executed. This is not a case where appellant seeks to retain her position and pay regardless of a place to work and pupils to be taught. At the hearing on appeal in the court of common pleas the board did not attempt to show that appellant was not a necessary or a qualified teacher, or not a regular full-time employee duly certified as a teacher. See *Walker's Appeal,* supra; *Ehret v. Kulpmont Borough School District,* 333 Pa. 518, 5 A. 2d 188.

Although appellant may not do library work, she may be directed by the school board to teach in any position for which she is qualified under her provisional college certificate. See *Ganaposki's Case,* supra; *Jones v. Kulpmont Borough School District,* supra.

The order of the court below is reversed, and the

440

Board of School Directors of the School District of the Borough of Osceola Mills, Clearfield County, is directed to reinstate appellant in accordance with the terms of her contract. Appellee shall pay the costs.