Sinton's Case.

544

Argued December 8, 1942.

Before Keller, P. J., Baldrige, Rhodes, Hirt and Kenworthey, JJ.

*J. F. Mahoney,* with him *Charles L. Frank,* for appellant.

*H. G. Stutzman,* for appellee.

OPINION BY BALDRIGE, J., February 26, 1943:

This appeal by the Board of School Directors of Cass Township School District is from the action of the court below in affirming the decision of the Superintendent of Public Instruction who had ordered the reinstatement of Mary Jane Sinton, dismissed by the appellant following a hearing held before it on August 9, 1941.

Mrs. Sinton, prior to the latter date, had been employed as a teacher by the appellant school district in Schuylkill County for twelve years. During that period she had lived outside the school district. On January 4, 1941, the board adopted a resolution providing "that *henceforth* all of the professional employes, within the meaning of that term as stated in the Teachers' Tenure Act, shall and must be, and remain bona fide residents within the territorial limits of the said school district for and during the term of their employment by the said school district." (Italics supplied). This resolution was amended on February 1, 1941, by deleting the word "henceforth" and providing that the required residence had to be established "on or before June 1, 1941." Mrs. Sinton was promptly notified of the action taken on the above dates. On May 22, 1941, she was reminded of the residence requirement and the following day she wrote the board indicating her willingness to comply with its resolution, but stating her inability to find suitable accommodations, and requesting assistance in that respect. On June 28, 1941, she left Schuylkill County for Langley Field, Virginia, to reside temporarily with her husband who was stationed there.

The supervising principal, on the board's behalf,

notified Mrs. Sinton on July 7, 1941, of an available house at Pine Knot, which could be inspected that week and requested that she advise him if she would occupy the house on or before July 12, 1941. On July 10, she wrote the board that it would be a "hardship" for her to return to Pennsylvania at that time but continued: "If this house, or any other suitable house, is vacant when I return to Pennsylvania the day preceding the opening of school I shall be glad to look it over and make my decision regarding it at that time." She also stated she was awaiting a decision upon a request, previously made, for a year's leave of absence.

The board passed a resolution on July 19, 1941, charging Mrs. Sinton with "wilful and persistent negligence" in not complying with the resolution of January 4, 1941, and fixing August 9 for a public hearing on the question of her dismissal. She was notified in writing July 25, 1941, of the foregoing action and a copy of the resolution was forwarded to her. A hearing was had on August 9 and the resolutions and letters were offered in evidence. Mrs. Sinton, who appeared with counsel, testified in answer to the charges preferred against her that while she did not actually visit Cass Township to endeavor to locate a place to live, between the time she first received notice of the residence regulation and her departure for Virginia, she did make certain inquiries concerning an available house. Referring to her failure to return to inspect the house at Pine Knot she merely stated the long trip would have been a "hardship," that she and her husband were contemplating moving to other quarters, and that she "wasn't in condition to travel that distance."

Following the hearing the board adopted a resolution dismissing Mrs. Sinton, of which she was advised by letter on August 11, 1941. Upon appeal the Superintendent of Public Instruction ordered that Mrs. Sinton be reinstated and that she comply with the regulation

within sixty days, unless able to show inability to obtain a suitable residence. This order was based on the ground that the board had proceeded to enforce a reasonable regulation in an unreasonable manner in failing to wait "at least until the appellant [Mrs. Sinton] returned to Pennsylvania at the beginning of the school term" before dismissing her.

Upon the board's appeal to the court of common pleas President Judge PALMER on June 8, 1942, disposed of the matter on the record in accordance with section 2 of the Teachers' Tenure Act of April 6, 1937, P. L. 213, as amended by the Act of June 20, 1939, P. L. 482, 24 PS §1126(j), as Mrs Sinton did not request a hearing. His opinion did not discuss the merits of the controversy. He held that as the board charged her with a failure to comply with its resolution passed January 4, 1941, "which resolution had been amended and therefore voided and displaced by the resolution of February 4, 1941" the proceedings were fatally defective.

In our opinion this case should not turn upon the technical question of the form in which notice was given. We fully realize that no material deviation from the procedural requirements established by statute for dismissal of a professional employee of a school district is permissible (*Swink's Case*, 132 Pa. Superior Ct. 107, 115, 200 A. 200; *Hetkowski v. Dickson City School District*, 141 Pa. Superior Ct. 526, 529, 15 A. 2d 470) nevertheless the detailed written statement of the charges Mrs. Sinton received was a sufficient compliance with the requirements under the existing circumstances. She could not possibly have been prejudiced by the reference to the original resolution of January 4 rather than the amendatory and more lenient one of February 1, since she had already acknowledged receipt of a copy of the latter, which fully explained the modification in the form of the still-existing

first resolution. In *Batrus' Appeal,* 148 Pa. Superior Ct. 587, 591, 26 A. 2d 121, we held that the use of the word "immorality" was unnecessary to sustain charges on that ground since its use would not have changed their substance nor enlarged the employee's opportunity to present her defense at the hearing. By the same reasoning the notice here given was not fatally defective because it failed to refer to the resolution of February 1.

The appellee in her paper book admitted that both the resolutions aforesaid were reasonable and that the board had the power to enact and enforce regulations requiring residence. See School Code, Act of May 18, 1911, P. L. 309, as amended by section 9 of the Act of May 29, 1931, P. L. 243, 24 PS §338; and *Jones v. Kulpmont Borough School District,* 333 Pa. 581, 583, 3 A. 2d 914.

Section 2 of the Amendatory Act of 1939, supra, 24 PS §1126 (a), authorizes a termination of a contract for "persistent negligence ...... persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe." Compare *Horosko v. Mt. Pleasant Township School District et al.,* 135 Pa. Superior Ct. 102, 111, 4 A. 2d 601, reversed by the Supreme Court on other grounds at 335 Pa. 369, 6 A. 2d 866.

"Persistent" means continuing or constant, and "wilful" obviously suggests the presence of intention, and at least some power of choice, and Mrs. Sinton's expressed willingness to try to locate a suitable residence upon her return from Virginia at the beginning of the next school term and the reasonableness of her excuse for not sooner returning to comply with the requirement of the board are factors in determining whether her conduct subsequent to June 1, 1941, warranted the board's action.

However, this issue cannot be considered by us, in

view of the present state of the record: *Spruce Hill Twp. School District v. Bryner,* 148 Pa. Superior Ct. 549, 553, 25 A. 2d 745; *Swick v. Tarentum Borough School District,* 141 Pa. Superior Ct. 246, 250, 14 A. 2d 898, affirmed at 344 Pa. 197, 25 A. 2d 314. In the court below there was no hearing de novo, and as above stated the merits of the present case were not passed upon, so, there are no findings which we can review for the purpose of determining whether there was a valid excuse to terminate the contract. We cannot assume that the merits of the case, as reached by the Superintendent of Public Instruction, who made no formal findings, were adopted by the court below. The record does not warrant such a conclusion and we may add that if there had been specific findings the court was not bound thereby: *Spruce Hill Twp. School District v. Bryner,* supra, p. 552.

The order of the court below is reversed, and the record is remitted for further proceedings and disposition on the merits.