155 A.2d 51 (1959)
"BOARD OF PUBLIC EDUCATION IN WILMINGTON", a public corporation of State of Delaware, Appellant,
v.
Daniel B. DELANEY, Appellee.
Supreme Court of Delaware.
October 27, 1959.
Januar D. Bove, Jr., of Connolly, Cooch & Bove, Wilmington, for appellant.
Thomas Herlihy, Jr., and Herman Cohen, Wilmington, for appellee.
SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.
SOUTHERLAND, Chief Justice.
The pertinent facts of the case are undisputed.
During the school year 1956-1957 Daniel B. Delaney, the appellee, was employed as a teacher in the Howard High School in Wilmington. He taught a class in electricity, and was not "certificated" to teach in any other field.
*52 The enrollment of the class was declining, and transfer of the class to a vocational school was under consideration in early 1957. Dr. Miller, Superintendent of Schools, wrote to Delaney in March and talked with him in early April about the matter.
Dr. Miller reviewed the matter with his staff and thereafter sent to Delaney a notice with respect to Delaney's services.
The nub of this controversy concerns the meaning and legal sufficiency of the notice. The following sections of the Delaware Teacher Tenure Act (14 Del.C. c. 14) are pertinent:
"§ 1410. Notice of intention to terminate services.
"In the event that any board desires to dispense with the services of any teacher, such board shall give notice in writing to such teacher on or before the first day of May of any year of its intention to terminate said teacher's services at the end of such school year. Such written notice shall state the reasons for such intended termination of services, and shall be accompanied by a copy of this act."
"§ 1411. Termination at the end of the school year shall be for one or more of the following reasons: * * * a reduction in the number of teachers required as a result of decreased enrollment * * *."
"§ 1412. In the event that a teacher fails to exercise his right to a hearing, as herein provided, the aforesaid notice of intent to terminate services shall be construed as a notice of termination."
"§ 1413. In the event that a teacher so notified shall, within 10 days after the receipt of written notice of intention to terminate services, request in writing an opportunity to be heard by the terminating board, the board shall set a time for such hearing to be held within 21 days after the date of the receipt of said written request, and the board shall give the teacher at least 15 days' notice in writing of the time and place of such hearing. The hearing shall be conducted by a majority of the members of the board and shall be confined to the aforementioned written reasons as stated in the board's written notice of the board's intention to terminate the teacher's services. * * *"
"(a) The teacher shall have the option to indicate whether or not he wishes the hearing to be public, by so stating in his written request for a hearing, otherwise the hearing shall be private."
The notice sent to Delaney by the Superintendent is dated April 23, 1957, and reads as follows:
 "Mr. Daniel B. Delaney
 "204 Delamore Place
 "Wilmington, Delaware
"Dear Mr. Delaney:
"Under date of March 20, I wrote you that the question of the continuance of the class in electricity at Howard would receive further study and that you would be notified as soon as a decision had been reached. After further conferences with Mr. Anderson who, in turn, has talked with Dr. Schott and Mr. Johnson, it is agreed that we could not justify the class in electricity at Howard High School considering the small number of pupils likely to enroll for this work. I am therefore recommending to the Board of Education that this class be discontinued and that the pupils who want this work transfer to the Brown Vocational High School.
"In view of this action it is necessary for me to advise you officially that we shall not have a place for you on our staff for the coming year. Your work is so specialized that there is no opportunity to re-assign you. Enclosed *53 you will find a copy of the law which governs our action in this case.
"We wish to thank you for the services that you have rendered to Howard High School and regret that we shall not have a position open for you.
 "Sincerely yours,
 "Ward I. Miller
 "Superintendent of Schools".
On May 6, 1957, Delaney wrote the Superintendent as follows:
"I wish to appeal your decision to terminate my services with the Wilmington Public Schools and desire a hearing before the Board at their earliest convenience."
On May 10 the Superintendent acknowledged the letter and asked Delaney whether a public or private hearing was desired. Delaney did not reply.
On May 20 the Board met. It adopted and ratified the Superintendent's notice to Delaney. Delaney was present, although he had not been invited to appear. First asked whether he had anything to say, he replied in the negative. His attention was then called to the Superintendent's letter of May 10, and he was asked whether he wished a public or a private hearing. Delaney replied that he wanted a public hearing. (Apparently at that time he wished to show justification for the continuance of the class.) He was informed that a date would be set.
On June 10, 1957, the hearing was held. Delaney was represented by counsel, who was permitted by the Board to call evidence on a point not covered by the Superintendent's notice to Delaney, i. e., whether the decreased enrollment was not the true reason for the termination of his services.
On July 31 the Board filed an opinion. It found as a fact that the reason for termination was decreased enrollment, and adhered to its previous determination of the matter.
Under § 1414 Delaney appealed to the Superior Court. That court on March 12, 1959 entered an order (1) reciting "that the said Daniel B. Delaney did not receive a valid notice of termination of his services as a teacher as of the school year ending in June 1957", (2) reversing the Board's decision, and (3) reinstating Delaney as a teacher and directing payment of his salary. No opinion was filed.
The Board appeals.
Before considering the legal issues presented by counsel, let us first state what is not in issue.
(1) The administrative judgment of the Board in discontinuing the class at Howard High School and in refusing to assign Delaney to another field of teaching is not questioned.
(2) There is no attack upon the finding of the Board with respect to the reasons for terminating Delaney's services.
(3) No claim is made that Delaney was not given a full and fair hearing upon the matter. In fact, the Board waived the defects in his demand for a public hearing, i. e., his failure to demand it within the time fixed by the statute and to demand it in writing.
The question at once suggests itself: How, then, has any substantial right of the teacher been prejudiced?
Delaney's attack upon the Board's action is reducible to two contentions:
1. It is said that the Superintendent's notice of April 23 was not a notice of termination of Delaney's services, but a mere notification that the staff would recommend to the Board the discontinuance of his class. It is also said that the Superintendent himself so described it in a report to the Board.
The answer to this contention is that the letter plainly and unambiguously stated:
"* * * it is necessary for me to advise you officially that we shall not *54 have a place for you on our staff for the coming year."
The force of this language is not weakened by the preceding reference to a recommendation. Delaney was plainly told that the staff had the "intention" to terminate his services. The meaning of the letter is clear. It was intended as the statutory notice of intention, for a copy of the teacher-tenue statute was enclosed, as required by law when the statutory notice is sent.
Moreover, Delaney accepted the notice for what we think it plainly was  a notice of intention to terminate his services  and he acted upon that assumption by appealing from it.
We think this contention wholly insubstantial.
2. Delaney's second point has more substance. It is forcefully argued (1) that under the statute the Board, and only the Board, had power to send the notice; (2) that it had not delegated to the Superintendent this power, and that in any event it could not delegate it; and (3) that the resolution ratifying the Superintendent's action was ineffectual because it came too late, i. e., after the expiration of the statutory period during which such notice must be given.
The Board has several answers to these contentions, but we need consider only one  the point of waiver.
A waiver, as the courts have consistently held, is the intentional relinquishment of a known right. 56 Am.Jur., "Waiver", § 2.
When Delaney received the notice he had a choice whether to object to its sufficiency on any ground or to accept it and act upon it. Thus he could have objected on the grounds (1) that it was insufficient on its face; (2) that it was not sent by registered mail (§ 1402); (3) that the Board had not authorized it (§ 1410).
He did none of these things. As heretofore indicated, he treated the notice as valid, and acted upon it. Not only so, but he attended the Board meeting of May 20, made no objection to the Board's resolution of ratification, and asked for a public hearing. Disregarding the technical objections to his own appeal (it was too late under the statute and was not sent by registered mail), the Board granted him a hearing.
At that hearing, three weeks later, after the Board had assembled to hear his appeal, the technical objections to the Superintendent's notice were raised for the first time. We think they came too late.
A copy of the teacher-tenure statute was sent to Delaney. The obvious purpose of this requirement of the law is to make sure that the teacher is informed of his rights. We assume for our present purpose, without deciding, that the statute (§ 1410) requires board action to authorize the notice. Surely it is not asking too much of a teacher in our public schools, required to possess more than average educational and intellectual attainments, to read the statute and govern his future course of action in accordance with it. He may not justly ask the Board to accord him the important and substantive right of a hearing and hold back until the last moment technical objections to a notice that he himself has treated as valid.
We think that the circumstances of this case show that Delaney waived whatever right he had to object to the Superintendent's notice.
We are mindful of the fact that teacher-tenure acts are intended to furnish protection to the public school teacher and that their provisions in respect of dismissal must be substantially complied with. But substantial compliance is enough. What is the underlying purpose of our statute? Plainly, to accord to the teacher the right to a notice if his services are intended to be terminated, and the right to *55 a hearing if he is unwilling to accept the intention to terminate as final. Of neither of these rights has the defendant been deprived. The policy and purpose of the statute have been complied with. In justice to the efficient administration of the school system we cannot agree to the setting aside of the proceedings in this case because of a belated technical objection which in no way prejudiced the teacher. Cf. Appeal of Board of School Directors, 151 Pa.Super. 543, 30 A.2d 628, 629; Board of Education of City of Eureka v. Jewett, 21 Cal.App.2d 64, 68 P.2d 404.
The judgment of the Superior Court is reversed, and the cause is remanded to that court with instructions to vacate its order of March 12, 1959, and to enter an order affirming the order of the Board of Education.