THE STATE, EX REL. HORNE, *v.* BEIL ET AL.

[No. 19,271.   Filed May 28, 1901.]

| 157 | 25 |
| 164 | 107 |

MANDAMUS.—*Health.—Vaccination of School Children.—Complaint.* —A complaint by the State on the relation of the secretary of the county and city boards of health to compel the school trustees of the city schools to enforce an order of such boards of health requiring all children to be vaccinated before being permitted to attend any of the schools of the county or city respectively is not bad for failure to set out the rule adopted by the boards of health. *pp. 26-30.*

HEALTH.—*Boards of Health.—Order for Vaccination of School Children.—Mandamus.*—It is the duty of the board of health to determine when there has been an exposure to contagious disease, when the health of the citizens is threatened by an epidemic, and when the preservation of the health of the people demands that the board take action to prevent the spread of such disease, and in an action to compel the school trustees of a city to enforce an order of the board of health requiring all children to be vaccinated before being permitted to attend school it is not necessary to set forth the facts constituting the emergency upon which the order was based. *p. 30.*

SAME.—*Boards of Health.—Order for Vaccination of School Children.—Enforcement of Order.—Mandamus.—Parties.*—The school trus-

tees of a city are the proper parties to be called upon to enforce an order of the board of health requiring all children to be vaccinated before being permitted to attend the schools of such city during a threatened epidemic of smallpox. *pp. 30, 31.*

From Wells Circuit Court; *E. C. Vaughn,* Judge.

Mandamus to compel the school trustees of the city of Bluffton to enforce an order of the board of health requiring the vaccination of school children. From a judgment in favor of defendants, plaintiff appeals. *Reversed.*

*J. S. Dailey, A. Simmons, F. C. Dailey, A. L. Sharpe* and *C. E. Sturgis,* for appellant.

HADLEY, J.—Mandamus to compel the school trustees of the city of Bluffton to enforce a rule or order adopted by the county and city boards of health, requiring all children to be vaccinated before being permitted to attend any of the schools of the county or city, respectively.

The amended complaint is in two paragraphs, substantially the same, and in them the relator sets forth, in effect, that he is the duly elected, qualified, and acting secretary of the Wells county and city of Bluffton boards of health; that on September 4, 1899, the board of commissioners of Wells county, acting in the capacity of county board of health, as a precautionary measure against the introduction and spread of smallpox in the county, adopted a rule, or order, providing that all children desiring to attend the schools of the county should present to their teachers a certificate of successful vaccination, from a regular physician, before being permitted to attend any of such schools; that the relator as such secretary was instructed by the county board to see that such rule was enforced by the school officers of the county; that he served a copy of said order upon the appellees, they, at the time, being school trustees of the city of Bluffton; that in November, 1899, there were many cases of smallpox in the adjacent county of Allen, and no quarantine against persons from the infected community in Allen county coming into the city of Bluffton; that one

Rupright and his wife had smallpox at their home in Adams county, one-half mile from the east line of said Wells county; that Rupright had passed through the city of Bluffton while suffering from incipient stages of said malady, and, while so afflicted, had spent a night at the town of Ossian, in said Wells county; that while so suffering, Rupright came in contact with divers citizens of the city of Bluffton, and, while at Ossian, school teachers and many other persons were near him and exposed to the disease, and after arriving at his home twenty-seven persons, most of whom were residents of Wells county, were in his sick room, and thereby greatly exposed; that the relator as health officer of the county and city of Bluffton, having investigated and verified the foregoing facts, communicated the same to the county and city boards of health, and, in view of the imminent danger of said contagious disease being transmitted to the inhabitants of the city of Bluffton, the common council of said city, sitting as the said board of health, adopted a resolution for the prompt enforcement of the said rule and order of the county board of health, whereupon the relator, in compliance with said resolution and order, served further notice of said order upon the appellees as trustees of the school city of Bluffton, and directed and demanded them to instruct the teachers under their jurisdiction to carry said rule and order into effect; that appellees failed and refused, and still fail and refuse so to instruct their teachers, or to enforce said rule and order in the schools, whereby, etc. Appellees' separate demurrer to each paragraph of the complaint was sustained, and appellant, refusing to amend, judgment was rendered against him for costs. The sufficiency of the complaint to support a peremptory writ of mandate is the only question presented by the record. Appellees have filed no brief.

Mandamus is the proper remedy to compel an officer to perform a public duty clearly imposed by law. *Wampler* v. *State, ex rel.,* 148 Ind. 557, 38 L. R. A. 829; *Manor* v.

*Slale, ex rel.,* 149 Ind. 310; *State, ex rel.,* v. *Kamman,* 151 Ind. 407; *Wood* v. *State,* 155 Ind. 1.

By acts of 1891, p. 15, §6711 *et seq.* Burns 1894, the State Board of Health shall have the general supervision of the health and life of the citizens of the State. They shall adopt rules and by-laws subject to and in harmony with the statutes, in relation to the public health, to prevent outbreaks and the spread of contagious and infectious diseases. They shall make sanitary investigations and inquiries concerning the causes of diseases, and especially of epidemics. They shall have power to regulate the plumbing, drainage, water supply, and disposal of *excreta,* heating and ventilation of any public building. By §6718 the commissioners of each county, the mayor and common council of each city, and the trustees of each incorporated town, are constituted *ex officio* a local board of health for their respective municipalities, whose duty it shall be to protect the public health, and in all cases to take prompt action to arrest the spread of contagious diseases, and perform such other duties as may be required of them by the State Board of Health pertaining to the health of the people, and the secretary of any board of health who shall fail or refuse to promulgate and enforce such rules and regulations, and any person or persons, or the officers of any corporation, who shall fail or refuse to obey such rules and regulations, shall be punishable by fine, and, for a second offense, by fine and imprisonment. Section 6719 provides that county boards shall be subordinate to the state board, and the city and town boards subject to the county board, and county boards shall enforce all rules and regulations of the state board in their respective counties, for the preservation of the public health and for the prevention of epidemic and contagious diseases.

In 1891 the State Board of Health, in regular session, adopted a rule which reads thus: "In all cases where an exposure to smallpox is threatened, it shall be the duty of the board of health within whose jurisdiction such exposure

shall have occurred or danger of such an epidemic ensuing to compel a vaccination or revaccination of all exposed persons."

In *Blue* v. *Beach,* 155 Ind. 121, we held with respect to the foregoing provisions, in substance, (1) that the protection and promotion of the public health was a police power of the State, resident in the people, and exercisable by the General Assembly; (2) that the delegation by the General Assembly of authority to the State Board of Health to adopt rules and by-laws in harmony with other statutes in relation to the public health, to prevent the spread of contagious and infectious diseases, was sanctioned by article 4, section 1, of the Constitution of the State; (3) that under the authority thus delegated, and which requires local boards to take prompt action in all cases, to prevent the spread of contagious diseases, a local board of health has power to require that no unvaccinated child shall be allowed to attend the public schools during the continuance of a threatened smallpox epidemic.

In this case it is shown by the complaint that the county of Wells and the city of Bluffton therein, had been, and were still, exposed to a threatened epidemic of smallpox, which information had been by the secretary of the county and city boards of health lodged with such boards, whereupon the county board adopted a rule for the exclusion from the schools of the county of all children who did not present to their teacher a certificate from a reputable physician of successful vaccination; that the said board of health adopted a resolution for the prompt enforcement of the rule of the county board, and that a copy of the county rule and said resolution was served upon the appellees, as school trustees, directing and demanding them to enforce such rule within the schools of the city, and that said trustees failed and refused to do so. The ground upon which the court below held the complaint insufficient is left wholly to conjecture. Appellees have failed to point out any infirmity, and none

is apparent. It seems to be suggested by the argument of appellant that appellees' contention below was that the complaint was insufficient, (1) for failure to set out in *haec verba* the rule adopted by the board of health, and (2) that the rule as adopted was ineffectual for failure to set forth the facts constituting the emergency therefor. There is no merit in either of these objections. The rule is not the foundation of the action. The rule, when properly adopted and promulgated, as is fully shown by the complaint, had the force and effect of law, *Blue* v. *Beach,* 155 Ind. 121, and persons called upon to obey it had no right to demand postponement until the wisdom and reasons for the rule were first disclosed to them. Local boards of health are created and authorized by the legislature and duty bound to adopt and enforce rules and regulations for the arrest and prevention of contagious and infectious diseases in their respective jurisdictions whenever the necessity therefor arises. The question of necessity must, from the very nature of the object to be attained, rest within the discretion or judgment of the board of health, which seeks to adopt and enforce the rule. It is the duty of the board to determine when there has been an exposure to a contagious disease, what constitutes an exposure, when the health of the citizens under its jurisdiction is threatened by an epidemic, and when the preservation of the health of the people demands that the board take action to prevent the spread of such infectious disease. And when the board has acted it will be presumed that sufficient facts existed to warrant its action until the contrary appears.

The appellees as officers charged with the public duty of managing the schools of the city of Bluffton are the proper persons to be called upon to enforce the rule in question in such schools. Under §5920 Burns 1894, §4444 R. S. 1881 and Horner 1897, it is their duty to take charge of the educational affairs of their city, to employ teachers, provide suitable houses, furniture, apparatus, and other articles and

educational appliances necessary for the thorough organization and management of such schools.

It is their duty to determine the length of the school year, when it shall begin, and when it shall end, and when the school shall have vacation, and when it shall be temporarily adjourned and for what cause. Of qualified teachers they may employ whomsoever they please, fix their compensation, and discharge them for cause. They may adopt reasonable rules for the discipline and government of the schools, impose upon pupils the penalty of expulsion for their infractions and require enforcement by their teachers. *State, ex rel.,* v. *Webber,* 108 Ind. 31; *Fertich* v. *Michener,* 111 Ind. 472.

In short, the teacher is nothing more nor less than the employe of the trustees, subject in all things pertaining to the management of the school to their will and direction. It follows, therefore, that the primary duty of enforcing the rule in controversy rests upon the appellees. That duty is clearly exhibited by each paragraph of the complaint.

Judgment reversed, with instruction to overrule the demurrer to each paragraph of the amended complaint.