VONNEGUT ET AL. *v*. BAUN.

[No. 25,461.   Filed January 31, 1934.]

*Charles Mendenhall, Martin M. Hugg, Albert Baker, N. Nathan Swaim, Joseph J. Daniels,* and *G. R. Redding,* for appellants.

*Robert I. Marsh, Sumner Clancy, George O. Cowan,* and *Louis B. Ewbank,* for appellee.

FANSLER, J.—This is an action brought by appellee on behalf of himself and others in like situation against appellants, seeking to enjoin and restrain them from enforcing an order of the Board of Health & Charities of the City of Indianapolis excluding from school children who had not been vaccinated. Upon the over-

ruling of appellants' demurrer they refused to plead further, and there was a judgment for appellee as prayed, from which this appeal is taken.

Error is assigned upon the overruling of the demurrer.

The complaint alleges that the appellee, a citizen and taxpayer of the city of Indianapolis, is the father of a seven-year-old child in sound physical condition, and alleges facts sufficient to show that said child is not disqualified by any of the statutes disqualifying school children from attending the public schools; that he is willing and anxious to have said child attend school, and that said child is not in attendance or enrolled in any private school; that appellants, constituting the Board of Health & Charities, adopted and legally published a resolution to the effect that in the opinion of the board there is danger of an epidemic of smallpox, and that there are in existence numerous cases, a great per cent of which are among school children; that the disease has been increasing, and that an emergency exists, and declaring that public health and safety demand that measures be taken for the preservation of the public health, to prevent the prevalence or spread among the inhabitants of said city of the disease of smallpox, and resolving that all school teachers, parents and guardians of school children over the age of six years, submit their children to the board of health or to some regularly licensed physician for vaccination against smallpox, and requiring said children to be vaccinated by Wednesday, June 1, 1927, and declaring that such school teacher, parents or guardian of a child who is not vaccinated according to the order be subject to the penalties provided by Section 431 of the Municipal Code of the city of Indianapolis, 1925, and Rule 29 of the State of Indiana Board of Health, and, further, that

each child not so vaccinated shall be excluded from school until so vaccinated or excused from this order, as provided for by Section 431 of the Municipal Code of the city of Indianapolis.

It is alleged that there was, in fact, no epidemic. But the statute and an ordinance of the city of Indianapolis hereinafter set out vest the board of health with jurisdiction to determine whether an epidemic exists. Under such authority the determination of the board upon the question involved is conclusive in the absence of fraud or bad faith, and, since the resolution showing the determination by the board is set out in the complaint, and there is no allegation of fraud or bad faith, the further allegation that there was, in fact, no epidemic of smallpox, is of no force and effect and adds nothing to the complaint.

At first view it would appear that every question presented in this case is decided in the case of *Blue* v. *Beach* (1900), 155 Ind. 121, 56 N. E. 89. But appellee asserts:

"The statute, Section 8168, Burns R. S. 1926 (§8405, Baldwin's 1934), and the cases of *Blue* v. *Beach, supra,* and *State* v. *Biel et al* (1901), 157 Ind. 25, are not authorities upon which a decision of this case can be rested for the reason that said statute, which was general as to all cities, has been superseded by Sections 10989 and 10990, Burns R. S. 1926, that make a new and special provision as to cities of the first class, and the two cases referred to were decided more than a quarter of a century ago upon facts entirely different from the facts in this case, and at a time when the statutory law concerning boards of health was entirely different to what it is now. And that the power of this board of health, in Indianapolis, a city of the first class, depended upon the provisions of an ordinance not involved in these cases."

There are no repealing clauses in any of the statutes referred to. There are no conflicts or inconsistencies

except that the latter sections provide for four members of the board of health in cities of the first class. There is no intimation that the boards in the latter cities are intended to have less power than boards in smaller cities. No reason is suggested why the statutes are not all in force. The later statutes show no evidence of a legislative intention to limit or prescribe the powers of boards of health. We must treat the powers conferred under all of the statutes as still in force. No inconsistency that would affect this action is pointed out.

Appellee says that if his contention last referred to is not upheld, and Section 8168, Burns 1926, §8405, Baldwin's 1934, is still in force, yet the only authority granted therein is for the board of health to establish quarantine, and in connection therewith to order what is reasonable and necessary for the prevention and suppression of disease, so that, since no quarantine had been established, no right to make a vaccination order had come into existence. But the statute goes further and includes the power "to close schools and churches and forbid public gatherings in order to prevent and stay epidemics, and in all reasonable and necessary ways to protect the public health."

And there are the following city ordinances:

"Section 430. Smallpox Epidemic.
Whenever there may be an epidemic of the disease of smallpox, or whenever, in the judgment of the Board of Health there is danger of an epidemic of said disease, it shall be the duty of the Board of Health of said city to take measures and to do and order, and cause to be done, such acts for the preservation and protection of the public health and safety as said Board may in good faith declare the public health and safety to demand, to prevent the prevalence or spread among the inhabitants of said city of the disease of smallpox; upon discovery by said Board of such epidemic or threatened epi-

demic, it shall immediately publish such fact in a morning and evening paper published in said city."

"Section 431.   Vaccination.

Immediately upon the publication as provided for in the next preceding section each and every inhabitant of the city of and over the age of six years who has not had the disease of smallpox or varioloid, or been successfully vaccinated against smallpox, shall submit himself to said Board of Health or to some regularly licensed, resident physician of said city for vaccination against smallpox, and shall by said Board, or said physician, be so vaccinated; if such person be a minor it shall be the duty of the parent or guardian to have said minor child comply with the provisions of this ordinance. The parents or guardians of such persons, if they be minors, or the individual, if an adult, upon conviction for violation of any of the provisions of this ordinance shall be liable to a fine of not less than five dollars nor more than twenty-five dollars, and shall also be liable to a like fine for every ten days thereafter they delay having the operation of vaccination performed.   It shall be the duty of the Board of Health to provide suitable measures for vaccinating any and all persons who may not be able to pay for the performance of said operation, and to issue and publish instructions in regard to the proper manner of vaccinating; provided that nothing in said rules, regulations or orders of said Board of Health or in this ordinance shall be interpreted to apply to any person whose condition of health is such that the operation of said vaccination would be detrimental to the health of such person, and provided further that such condition of health of such person shall be certified to said Board of Health by some regularly, duly licensed, resident physician or by said Board of Health."

Section 431 provides for and requires vaccination of every person over the age of six years, without any action by the board of health.   Appellee contends that the board undertook to exercise powers which it did not possess and which were not conferred by the ordinance, for the reason that the

order and resolution of the board required school children to be vaccinated. But in this appellee is in error. Section 431 of the ordinance is self-executing. The recital in the published resolution of the board that all children must be vaccinated is merely declaratory of the law as fixed by the ordinance. The part of the resolution which required initiative on the part of the board of health was the order excluding children that had not been vaccinated from the schools. This the board had ample power to do under Section 430 of the city ordinance or under the general powers conferred by statute.

It is clear from all of the statutes on the subject that the legislature intended to delegate to boards of health ample power to protect.and safeguard the ■ health of the community, and to vest in them authority to determine what reasonable steps are necessary to that end. Appellee resorts to a technical construction of the statutes conferring these powers in an effort to defeat the obvious legislative purpose.

It is asserted that the order would exclude appellee's child from school permanently. This same contention was urged in the case of *Blue* v. *Beach, supra,* and there decided adversely to the appellee's contention.

It is contended by appellee that since Section 6452, Burns 1926 (§6698, Baldwin's 1934), makes it the duty of a parent to send his child to school, he may ■ maintain an action to restrain interference with the performance of that duty by excluding his child for lack of vaccination. It is difficult to take the contention seriously. The statute referred to is a compulsory attendance statute, and has no connection with or relation to the statutes under which the board of health may exclude a child who has not been vaccinated against contagious disease.

It is alleged in the complaint "that said pretended.

resolution is in violation of Article 1 of Amendments of the Constitution of the United States, and of Article 1 of Section 243 of Bill of Rights of the State of Indiana (Article 1, Sections 2, 3 and 4 of the Constitution of Indiana) in that it abridges religious and civil liberties and matters relating to conscience of many of the citizens of said city." Neither in brief nor in argument is it pointed out how the constitutional rights mentioned are infringed. The resolution merely prevents children who have not been vaccinated from attending school during an emergency in which they might transmit the disease to other school children, or carry it from other school children back to their homes.

The right of the state to require vaccination is not involved.

Judgment reversed, with instructions to sustain the demurrer to the complaint.