## FERNELL B. HOUGHTON *vs.* SCHOOL COMMITTEE OF SOMERVILLE.

Middlesex.    April 1, 2, 1940. — September 10, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*School and School Committee. Married Woman. Constitutional Law,* Equal protection of the law, Obligation of contracts. *Mandamus. Pleading, Civil,* Demurrer, Petition for mandamus.

A rule of a school committee, providing that thereafter no married woman should be elected as a permanent teacher, that marriage of a permanent woman teacher should "operate as an automatic resignation" and that no married women permanent teachers then in service should be continued except those living apart from their husbands and receiving no support from them or those having husbands so disabled as not to be able to support them, was not beyond the power of the committee nor unconstitutional in that it was based on purely economic grounds and was arbitrary and discriminatory; but it was valid as establishing an educational policy within the discretionary power of the committee.

The constitutional prohibition against impairment of the obligation of contracts was not violated by a school committee's adoption, after a teacher had become on tenure under G. L. (Ter. Ed.) c. 71, § 41, of a valid rule of educational policy in compliance with which the committee dismissed the teacher in the manner provided by § 42 as appearing in St. 1934, c. 123.

A school committee proceeding to dismiss a married woman teacher under G. L. (Ter. Ed.) c. 71, § 42, as appearing in St. 1934, c. 123, in compliance with its rule prohibiting the employment of married women teachers "except one who proves to the satisfaction of the school committee" that she was not being supported by her husband, "substantiated" the "charge" within the statute by showing that she was married; the rule was not contrary to the statute in casting on her the burden of proving herself within its exception.

A hearing by a school committee under G. L. (Ter. Ed.) c. 71, § 42, as appearing in St. 1934, c. 123, of a case which need take but a short time was not illegal in that the case was not reached for hearing until 10:15 o'clock in the evening.

A dismissal of a teacher under G. L. (Ter. Ed.) c. 71, § 42, as appearing in St. 1934, c. 123, by a two-thirds vote of the whole school committee was not invalid in that the committee's rule of policy pursuant to which she was dismissed was not adopted by a two-thirds vote.

General allegations in a petition for a writ of mandamus, that the respondent had failed to comply with the law, were insufficient on demurrer.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on February 25, 1939, for a writ of mandamus.

The case was reported by *Qua*, J., without decision.

*R. J. Muldoon*, City Solicitor, for the respondents.

*R. L. Lurie*, (*A. T. Alper* with him,) for the petitioner.

QUA, J.   The case is before us upon a general demurrer. The petition alleges that the petitioner had been employed since 1929 as a teacher in the public schools of Somerville on tenure at the discretion of the school committee under G. L. (Ter. Ed.) c. 71, § 41; that at the time of her election she was and still is a married woman; and that on September 26, 1938, the committee voted to dismiss her, having previously given as the reason for the proposed dismissal that it was "the policy of the school committee that the best interests of the school [schools?] will be served by the elimination of married women teachers as evidenced and declared" by a rule of the committee. The rule provided that the marriage of a permanent teacher should "operate as an automatic resignation"; that no married woman should thereafter be elected as a permanent teacher; and that "No married woman now in the service shall hereafter be employed as a permanent teacher . . . except one who proves to the satisfaction of the school committee that she is living apart from her husband and receiving no support from him, or that her husband is physically or mentally disabled so that he is unable to provide for her support." There is no allegation that the committee acted in bad faith or that the reason given was not the true reason for the petitioner's dismissal from the service. Other allegations of the petition will appear in connection with the following discussion of the petitioner's contentions.

This court has twice decided that the adoption of a policy against the employment of married teachers in public schools is not arbitrary or irrational and lies within the field of discretion of the school committee, to whom is entrusted the determination of questions of policy. *Sheldon v. School Committee of Hopedale*, 276 Mass. 230, 236.

*Rinaldo* v. *School Committee of Revere,* 294 Mass. 167.    Our views have recently received the support of the Supreme Court of Indiana in *McQuaid* v. *State,* 211 Ind. 595, and there are other recent decisions in general accord.    *Coleman* v. *School District of Rochester,* 87 N. H. 465, 471, 472. *Ansorge* v. *Green Bay,* 198 Wis. 320.    Nothing in *Opinion of the Justices,* 303 Mass. 631, is at variance with the decisions in the *Sheldon* and *Rinaldo* cases.    See page 648.

But the petitioner contends that the rule of the committee here involved is not the embodiment of an educational policy forbidding for the benefit of the schools the employment of married women as teachers and therefore within the jurisdiction of the committee as the guardian of the best interests of the schools, and that the committee has gone beyond its true functions and has set up an arbitrary and unreasonable discrimination on purely economic and not on educational grounds against married women who are receiving support from their husbands or who have husbands physically and mentally able to support them on the one hand, and in favor of unmarried women and married women financially less fortunately situated on the other hand.    It is argued that the measure has no relation to fitness for the work of teaching; that it is no more than an irrational attempt by the committee to assist in solving the general problem of unemployment in the community by admitting or excluding women from employment as teachers according to their presumed financial needs; and that it is unconstitutional under the principles announced in the opinion of the majority of the justices in *Opinion of the Justices,* 303 Mass. 631.

If we accepted the petitioner's view of the nature of the rule, we might be led to accept also the conclusion for which she argues.    *Coleman* v. *School District of Rochester,* 87 N. H. 465, 470, 471.    But we are of opinion that upon the allegations of the petition the school committee did adopt the general policy of excluding married women from the permanent teaching force.    In their notice to the petitioner of the cause of her proposed removal they stated their general policy of elimination of married women teachers

for the "best interests" of the "school." The rule adopted by the committee bears out this statement. It forbids the future election of any married woman as a permanent teacher, without exception of any kind. It also provides that the marriage of any permanent woman teacher, without exception, "shall operate as an automatic resignation of said teacher." (See as to "automatic resignation" *Rinaldo* v. *School Committee of Revere,* 294 Mass. 167, 168, 170.) It is only when the rule begins to deal with the removal of married women teachers already in service and presumably desiring to continue that the exception appears. It is plain that if this rule is continued in effect for a sufficient time all married women permanent teachers will disappear from the schools of Somerville, and the policy of the committee will become completely effective.

It often happens that a new policy cannot be put into full force immediately without extreme hardship upon certain individuals which in turn may reflect disastrously upon the reputation and welfare of the service as a whole. In such instances a gradual introduction of the innovation may be reasonable and permissible, even though for a time some discriminations result. See *Borden's Farm Products Co. Inc.* v. *Ten Eyck,* 297 U. S. 251, 261. The exception in the rule of the school committee seems to us to fall within this principle. No valid objection to its constitutionality can be made on the ground that it is not more elaborately adapted to meet the actual facts of each and every case. It is designed in a rational manner to relieve from the hardship of dismissal a class of women teachers upon whom in general that hardship might be expected to bear most severely. *Heath & Milligan Manuf. Co.* v. *Worst,* 207 U. S. 338, 354. *Silver* v. *Silver,* 280 U. S. 117, 123, 124. *Phelps* v. *Board of Education of West New York,* 300 U. S. 319, 323, 324. *Great Atlantic & Pacific Tea Co.* v. *Grosjean,* 301 U. S. 412, 424. *Minnesota* v. *Probate Court of Ramsay County,* 309 U. S. 270, 274, 275.

We are therefore of the opinion that the rule is within the policy-making power of the school committee and that it is not unconstitutional on the ground of discrimination.

The rule is not unconstitutional as impairing the obligation of the petitioner's contract of employment. Her employment "at discretion" was always subject to the policy-making powers of the committee, to such rules as they might adopt in pursuance of those powers, and to the power of dismissal expressly set forth in the governing statute itself. *Paquette* v. *Fall River*, 278 Mass. 172. *Callahan* v. *Woburn, ante*, 265, 268. The petition shows that the petitioner has been dismissed for "good cause" in the manner provided by G. L. (Ter. Ed.) c. 71, § 42, as amended by St. 1934, c. 123, as that section was construed in *Rinaldo* v. *School Committee of Revere*, 294 Mass. 167. The case of *Phelps* v. *Board of Education of West New York*, 300 U. S. 319, is in point here. The present case is distinguishable from *Indiana* v. *Brand*, 303 U. S. 95. There the teacher had acquired a contractual right to continued employment.

There was no failure to substantiate the "charge" against the petitioner at the hearing as required by G. L. (Ter. Ed.) c. 71, § 42, as amended by St. 1934, c. 123. See *Graves* v. *School Committee of Wellesley*, 299 Mass. 80, 86. There was nothing to substantiate except the fact of the petitioner's marriage. She alleges that fact in her petition to this court. She does not allege that that fact did not appear at the hearing before the committee. The provision of the rule to the effect that the teacher must prove to the satisfaction of the committee that she has no husband supporting or capable of supporting her is not in our opinion inconsistent with the requirement of the statute that the "charge or charges shall have been substantiated." It is not unreasonable to ask the teacher to prove herself within an exception for her possible benefit contained in the rule. The facts are within her knowledge and may be difficult of ascertainment by the committee except through her.

The hearing was not illegal because held in the evening or because this petitioner's case was not reached until 10:15 o'clock. The nature of the case was such that there could have been no issue to try out which need occupy more than a few minutes of time.

The petition shows on its face that the petitioner was dis-

missed "by a two thirds vote of the whole committee" as required by the statute. There is no requirement in the statute that the making of rules determining questions of policy shall be by a two thirds vote, even though the operation of such rules may almost inevitably result in some dismissals.

Allegations in general terms amounting in substance merely to charges that the respondents failed to comply with the law, but not specifying in what such failure consisted are of no avail against a demurrer. *Wesalo* v. *Commissioner of Insurance*, 299 Mass. 495, 498.

> *Demurrer sustained.*
> *Petition dismissed.*