## West Mahanoy Township School District *v.* Kelly, Appellant.

Argued December 12, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent).

*Cletus C. Kilker,* with him *Cyril C. Kilker,* for appellant.

*Frank A. Gallagher,* with him *James J. Gallagher,* for appellee.

OPINION BY BALDRIGE, P. J., March 2, 1945:

Mary Cavanaugh Kelly, appellant herein, a teacher of physical education, was dismissed by the appellee on a charge of "neglect to teach." On appeal the Superintendent of Public Instruction reversed the action of the school board and ordered the teacher reinstated. Following an appeal it was agreed that the testimony taken before the board would be considered as taken before the court. Her dismissal by the school board was sustained. On appeal to this court the appellant contends that (1) the charge of "neglect to teach" was not sustained as the evidence showed that her failure to perform her duties was due to a personal illness, namely toxemia of pregnancy and that (2) she was not accorded a full, impartial and unbiased hearing as the charge against her was prejudged by the board and her dismissal was motivated by political and arbitrary consideration.

This appellant, a married woman, had been a teacher for eight years in West Mahanoy Township School District and had performed her duties through the school term ending June 1939. She had become pregnant early in that year and gave birth to a child on September 24, 1939. A few days prior to the opening of

the fall term of school on September 13, 1939, she requested a leave of absence from the superintendent of schools of that district. He suggested that she address her request to the board of school directors as he did not desire to assume the responsibility of granting a leave. Mrs. Kelly alleged that she addressed a letter to Mr. James Reilly, the president of the board of directors and to the secretary. The school board contended that it never received a request for such a leave of absence. Mr. Reilly, called by the appellant, testified this letter was never presented to the board. The secretary of the board said she did not make any application through him for a leave of absence. In any event no action was taken to grant a leave. The board preferred a charge against her of "...... neglect to teach from the opening of the school year September, 1939 to December 1, 1939, without sanction and approval of the School Board of West Mahanoy Township ......" On December 14, 1939, appellant was notified of this charge and hearings were duly had December 29, 1939 and January 5, 1940. Appellant's physician testified that she had suffered from toxemia of pregnancy during August 1939 and was not fit physically to teach until December 1, 1939.

It is argued by appellant's counsel that under the Teachers' Tenure Act of 1937, P. L. 213, §2 as amended by the Act of June 20, 1939, P. L. 482; §2, 24 PS §1127, that the only valid causes for termination of a contract entered into with a professional employe are "immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, and persistent and wilful violation of the school laws of the Commonwealth;" that "neglect to teach" is not embraced within the statute under which she was removed; and that she was not furnished with a written statement of the charges upon which her dismissal was based, viz, persistent negligence.

The Superintendent of Public Instruction and the

court below properly construed the board's charge of "neglect to teach" in substance as a charge of "persistent negligence" under the Tenure Act, supra. Both contemplate a failure to discharge the duties of a teacher. Mrs. Kelly was not in any way harmed or prejudiced because she was charged with "neglect to teach" instead of "persistent negligence."

We held in *Brown's Case,* 151 Pa. Superior Ct. 522, 30 A. 2d 726 affirmed 347 Pa. 418, 32 A. 2d 565, that pregnancy constitutes incompetency under the Teachers' Tenure Act, §2, supra, as it renders the teacher physically incapable to discharge her duties, and justifies a termination of her contract on that ground.

In *Horosko v. Mount Pleasant Township School District et al.,* 335 Pa. 369, 374, 375, 6 A. 2d 866, cited in *Brown's Case,* p. 526, the Supreme Court held that "incompetency" as used in the School Code is not limited in its meaning to a lack of substantive knowledge of the subjects to be taught, but embraces also a disqualification, an incapacity, want of physical ability.

The appellant was required to perform her duties unless prevented by a personal illness or other reason: §1209 of the School Code of May 18, 1911, P. L. 309, Article XII, 24 PS §1128. Her neglect to teach was not due primarily to the toxemia, but was the direct result of her pregnancy, which is not a disease or an illness according to the testimony of her physician; in a married woman it is a normal condition. Of course, for a time Mrs. Kelly was incapable of teaching. The absence from duty of a teacher by reason of illness or disability incident to childbirth has been held under the New York law to sustain a charge of neglect of duty: *People ex rel. Peixotto v. Board of Education of City of New York,* 212 N. Y. 463, 106 N. E. 307, 72 A. L. R. 284. As the court below aptly said: "Since the board in its discretion might have dismissed appellee because of her physical incompetency, it was likewise

within its discretion to refuse to accept such condition as an excuse for non-performance."

In *Batrus' Appeal,* 148 Pa. Superior Ct. 587, 26 A. 2d 121, there are some features similar to those in the case now before us. The teacher there was charged with being a licensee of the Commonwealth to distribute malt beverages and violating the liquor law. The board of School Directors of the School District of Altoona after hearing dismissed her. Upon appeal the Superintendent of Public Instruction reversed the board, and directed reinstatement of the teacher on the ground that her dismissal was not based on one or more of the grounds specified in the school code; that she was not specifically charged with "incompetency" or "immorality." Upon appeal the lower court sustained the action of the school board. It was alleged in behalf of the teacher that it was not only necessary to aver the essential facts, but it was necessary to incorporate in the state of the charges the word "immorality." We held in affirming the learned court below that "immorality" was sufficiently averred in the charges, which set forth that the teacher's conduct was such "as offends the morals of the community" and was "inconsistent with moral rectitude;" that it was unnecessary to use the word "immorality" as the substance of the charge comes within its meaning and that the teacher had adequate notice of the charges filed against her.

This record discloses that the appellant was afforded a full, impartial, and unbiased hearing. Admittedly she was served with a statement of the charges made against her by proper action of the school board with a notice that a hearing would be held to consider her dismissal. She was represented by counsel and was given a full opportunity to present her side of the case. There was no violation of the procedural requirements as in *Swink's Case,* 132 Pa. Superior Ct. 107, 200 A. 200. The evidence submitted at the two hearings of the

board was sufficient to support the appellant's dismissal on the charge preferred. True, two members of the board testified at the hearings. George Moyer, the secretary of the board confined his testimony to formal matters such as the service of the notice of the hearing upon the appellant and that she did not report for duty from September 13 until December 1, 1939, etc. Practically everything he testified to was not in dispute. Michael J. Flannery, the other director, testified in rebuttal that a substitute teacher took appellant's former position. The testimony of neither of these directors had any material bearing upon the real merits in this case. Doubtless it is better practice for members of the board not to appear as witnesses especially if their testimony is necessary to sustain the charge: *Brown et ux. v. Bahl,* 111 Pa. Superior Ct. 598, 602, 170 A. 346. That is not this case.

There is nothing in the record that indicates to us that the charge was preferred, or the vote of dismissal resulted, from any political or improper motive or that there were any irregularities in the proceedings as appellant alleges. It is stated in *Swick v. Tarentum Boro School District,* 141 Pa. Superior Ct. 246, 254, 14 A. 2d 898, that while the Teachers' Tenure Act does impose limitations on the removal of professional employes of school districts "it is not to be construed so as to constitute merely an obstruction to the consideration of charges and the removal of professional employees for proper cause." See, also, *Ambridge Borough School Dist. v. Snyder,* 346 Pa. 103, 107, 29 A. 2d 34.

Concluding as we do that the requirements of the law were obeyed and that the evidence warranted the action of the board, we find no reason to disturb the disposition of this case by the learned court below.

The order is affirmed at the appellant's cost.

Judges RHODES and RENO dissent.