**ARLINGTON INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Laverne WEEKLEY et vir, Appellees.**

No. 15913.

Court of Civil Appeals of Texas.

Fort Worth.

May 9, 1958.

Rehearing Denied June 13, 1958.

Cantey, Hanger, Johnson, Scarborough & Gooch, and Carlisle Cravens, Fort Worth, for appellant.

Parkhill & Watson and Weldon Parkhill, Grand Prairie, for appellees.

BOYD, Justice.

Laverne Weekley, joined by her husband A. B. Weekley, sued Arlington Independent School District for $991.26, which she alleged was the balance due under her contract as a teacher for the year beginning July 15, 1955, she having been required to withdraw as a teacher on March 13, 1956, because she became pregnant. There was a judgment for the amount sued for, from which the School District appeals.

Appellee teacher was married at the time the contract was made. Prior thereto, the School Board adopted Regulation S, as follows: "Any student or employee upon becoming pregnant shall be required to withdraw. Employees shall be given first preference for re-employment when a position for which they qualify is open." The contract provided: "It is agreed that the teacher shall, in consideration of the salary stipulated herein, teach to the best of her skill and ability, and shall be governed and discharge the duties required by the school laws of this state and such rules and

regulations as may be determined by the Board of Trustees, * * *. It is also understood that the Board of Trustees shall not have the right to terminate this contract except for immoral conduct or a flagrant disregard of its spirit and provisions."

Appellee teacher did not know of the existence of Regulation S when she signed the contract and when in February, 1956, she told her principal that she was pregnant. The Regulation was printed in a handbook along with other rules and regulations, which handbook was in her principal's office and some of which rules and regulations were called to the attention of the teachers at an orientation meeting at the beginning of the school term. The principal testified that at such meeting the teachers were informed that the handbook was available for their inspection. Appellee teacher attended the meeting, but she testified that she did not remember the principal's saying that such a book was available, and that she did not know of the existence of Defendant's Exhibit 1, entitled, "Handbook on School Board Policies," which contained Regulation S.

There is no contention that the contract is ambiguous or that Regulation S is unreasonable.

Appellee teacher contends that Regulation S was not incorporated in the contract by reference; that according to the terms of the contract it could not be terminated by the Board except for immoral conduct or flagrant disregard of its spirit and provisions; and that her becoming pregnant was not immoral and her desire to continue teaching was not a flagrant disregard of the contract's spirit or provisions. Appellant contends that Regulation S was incorporated by reference in the contract; and that regardless of her actual knowledge of the Regulation, appellee teacher was charged with notice of the rules and regulations governing her employment, and that they became a part of the contract.

■ The general rule seems to be that regulations adopted by a school board prior to the making of a contract with a teacher, which are known or ought to have been known to the teacher when he enters into the contract, form part of the contract and the teacher's employment is subject thereto. 24 R.C.L., p. 613, sec. 71; Backie v. Cromwell Consol. School Dist. No. 13, 186 Minn. 38, 242 N.W. 389; Minneapolis Federation of Men Teachers, Local 238, A. F. L. v. Board of Education of City of Minneapolis, 238 Minn. 154, 56 N.W.2d 203; School City of East Chicago v. Sigler, 219 Ind. 9, 36 N.E.2d 760, 136 A.L.R. 1149; Appeal of School District of City of Bethlehem, 347 Pa. 418, 32 A.2d 565; West Mahanoy Tp. School Dist. v. Kelly, 156 Pa.Super. 601, 41 A.2d 344; Fry v. Board of Education of City and County of San Francisco, 17 Cal.2d 753, 112 P.2d 229; Rible v. Hughes, 24 Cal.2d 437, 150 P.2d 455, 154 A.L.R. 137; McGrath v. Burkhard, 131 Cal.App.2d 367, 280 P.2d 864; Hendryx v. School Dist. No. 4, Lane County, 148 Or. 83, 35 P.2d 235; Board of Education of City of Los Angeles v. Swan, 41 Cal.2d 546, 261 P.2d 261; Board of School Directors of Ambridge Borough School District, Beaver County v. Snyder, 346 Pa. 103, 29 A.2d 34; Reed v. Orleans Parish School Board, La. App., 21 So.2d 895; 78 C.J.S. Schools and School Districts § 201, p. 1074.

It also seems to be the law that a regulation adopted after a teaching contract is made becomes a part of it and the employment is subject thereto. Houghton v. School Committee of Somerville, 306 Mass. 542, 28 N.E.2d 1001; Appeal of Board of School Directors of Cass Township, Schuylkill County, 151 Pa.Super. 543, 30 A.2d 628; Board of School Directors of Ambridge Borough School District, Beaver County v. Snyder, supra; School City of East Chicago v. Sigler, supra.

It has been held that a teacher's lack of knowledge of a regulation is no defense to its enforcement, where she could and should

have informed herself. Backie v. Cromwell Consol. School Dist No. 13, supra; 24 R.C.L., p. 613, sec. 71.

The trial court concluded that Regulation S is repugnant to the provision of the contract that the Board could not terminate it except for immoral conduct or a flagrant disregard of its spirit and provisions, and that appellee teacher was not guilty of either.

▮ The propriety of her conduct is not questioned. This was her second year as a teacher in the system, and there never was any cause for complaint. She was told that a replacement had been found and would begin her duties on March 13, and she did not after that date appear at the school, but peaceably submitted to the direction of the superintendent.

We do not hold that appellee teacher "flagrantly" or otherwise violated the spirit and provisions of the contract. When asked to withdraw, she withdrew. But a different situation would have been presented had she refused to abide by the request to withdraw, and appeared at the classroom every day and attempted to teach. In such event, her violation of the rule would have been open, plainly visible, and to that extent it might have been "flagrant." Owing to her exemplary demeanor, such crisis was avoided. We think the law of the case would be the same whether she acquiesced, or insisted on teaching.

The law places in the Board the general government of the schools, and empowers it to determine who among those qualified may or may not teach. If its rules and regulations are not discriminatory or otherwise unreasonable, they become a part of every teaching contract; and especially is this so where the contract obligates the teacher to be governed by the "rules and regulations" determined by the Board. Courts cannot abrogate them, but in proper cases must lend their aid to their enforcement.

The judgment is reversed and rendered for appellant.