**Donald G. ROMEIKE, Appellant,**

v.

**HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 4125.

Court of Civil Appeals of Texas.

Waco.

June 6, 1963.

Billy E. Lee, Houston, for appellant.

Bracewell, Reynolds & Patterson, Joseph Jaworski, Houston, for appellee.

McDONALD, Chief Justice.

Plaintiff Romeike sued defendant Houston Independent School District for $4200 which he alleged was due him for the 1958–1959 school year. Plaintiff and defendant made a contract in *May 1958* whereby plaintiff was employed for the 1958–1959 school year. After the signing of the contract, but before its effective date, plaintiff purchased a liquor store in an adjoining school district, with the announced intention of operating it during the summer vacation period, but of employing an operator during the school year. Defendant learned that plaintiff owned the liquor store, and in June 1958 its administrative officials demanded that plaintiff either get out of the liquor business, or resign his teaching position. The Board of Education of defendant school district enacted a written regulation on *July 28, 1958,* that employees of the school district shall not be commercially involved in the liquor traffic. However, prior to July 28, 1958, and prior to May, 1958, and for many years it had been the operational policy of the school district that teachers could not participate in the liquor business. On 3 occasions teachers had been found to own or work in a liquor store; were called in, and in all 3 instances discontinued connection with the liquor business.

Plaintiff did not get rid of his liquor store and was on September 2, 1958 suspended without pay; and was on January 26, 1959 dismissed from the school system. Plaintiff appealed to the Board of Education of defendant school district, to the State Commissioner of Education, and to the State Board of Education, losing all appeals.

Trial was before the Court, which after hearing, entered judgment that plaintiff take nothing.

Plaintiff appeals, contending the Trial Court erred in holding that defendant school district had legal justification for discharging him.

Plaintiff concedes that the regulation of the Board passed on July 28, 1958, prohibiting teachers from engaging in the liquor business, is a legal exercise of power, but contends that it was passed *after* he entered into his contract in May, 1958; and cannot be applicable to his contract because of the United States and Texas Constitutions. Article I, Section 10 of the United States Constitution provides:

"No State shall * * * pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts * * *";

and Article I, Section 16 of the Texas Constitution, Vernon's Ann.St., provides:

"No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

Plaintiff's contract with defendant school district was by its terms "subject to the rules and regulations of the Board of Education of Houston Independent School District * * *." The record reflects that the Board had had an operational policy against teachers being involved in the liquor business for many years and that the resolution passed on July 28, 1958 was simply a codification of existing rules and

that it was passed in order to "clarify", and "so there would not be further problems". At least 3 teachers in the past had been called in and advised to get out of the liquor business or resign, pursuant to the existing policy, and all of them complied by severing their connection with the liquor business. Plaintiff's temporary suspension and dismissal were procedurally accomplished in accordance with established procedures (Sec. 12:38 and Sec. 12:39 of the Rules and Regulations of the Houston Independent School District), and we are concerned here only with the question of whether legal justification existed.

■ The general rule is that regulations and operational policies adopted by a school board prior to making a contract with a teacher form a part of the contract, and the teacher's employment is subject thereto. Arlington Ind. School Dist. v. Weekley, CCA (n. r. e.) 313 S.W.2d 929.

■ Since the record reflects that it was the school district's policy that a teacher be not involved in the liquor traffic, prior to the date of the plaintiff's contract, plaintiff's point and contentions thereunder are overruled.

The Weekley case, supra, further holds:

"It also seems to be the law that a regulation adopted after a teaching contract is made becomes a part of it and the employment is subject thereto"; citing: Houghton v. School Committee of Somerville, 306 Mass. 542, 28 N.E.2d 1001; Appeal of Board of School Directors of Cass Township, Schuylkill County, 151 Pa.Super. 543, 30 A.2d 628; Board of School Directors of Ambridge Borough School District, Beaver County v. Snyder, 346 Pa. 103, 29 A.2d 34; School City of East Chicago v. Sigler, 219 Ind. 9, 36 N.E.2d 760, 136 A.L.R. 1149.

The judgment of the Trial Court is affirmed.