Alva M. CLUTTS, Appellant,

v.

SOUTHERN METHODIST
UNIVERSITY, Appellee.

No. 1500.

Court of Appeals of Texas,
Tyler.

Dec. 17, 1981.

Rehearing Denied Jan. 21, 1982.

James A. Williams, Dallas, for appellant.

Michael H. Collins, John H. McElhaney, Frank J. Scurlock and Robert F. Ritchie, Dallas, for appellee.

McKAY, Justice.

This is an appeal from a summary judgment. Appellant Alva M. Clutts (Clutts) sued appellee Southern Methodist University (SMU) alleging breach of an employment contract. SMU moved for summary judg-

ment which the trial court granted. We affirm.

Clutts pleaded that SMU employed her as a teacher, that SMU's Board of Trustees (Board) promoted her to associate professor on January 20, 1975, and that she was notified that her position as an associate professor was "without tenure." She alleged that at the time she was promoted to associate professor SMU's by-laws provided that associate professors were employed for an "indefinite term," that employment for an "indefinite term" is tenured employment, but that the Board, on November 3, 1978, subsequent to award of tenure proceedings,[1] denied her tenure but retained her as an associate professor. Clutts further pleaded that she was entitled to rely upon the tenure provision of the SMU by-laws and sought damages exceeding $800,000 as well as temporary injunction prohibiting SMU from denying her the status of a tenured faculty member.

SMU generally denied, pleaded that the specifically limited appointment of Clutts as an associate professor "without tenure" controls over SMU's by-laws, and affirmatively alleged estoppel and failure to mitigate damages. Appellee SMU moved for summary judgment, asserting that its by-laws were not part of Clutts' employment contract and that Clutts' terms of employment were controlled by the specific contracts between appellant and SMU.

The summary judgment proof showed that on November 13, 1974, James E. Brooks, Vice President-Provost of SMU, sent a letter to Clutts informing her that SMU's Board had promoted her, effective January 20, 1975, "to the rank of Associate Professor, without tenure." On May 28, 1975, appellant Clutts accepted an offer of "a continued appointment as an Associate Professor of Organizational Behavior and Administration, without tenure, for the academic year beginning 1 September 1975 and ending 31 May 1976." This correspondence stated that Clutts' acceptance encompassed the first year of a three year term. Thereafter, on May 28, 1976, Clutts accepted an appointment "without tenure" for the second year of a three year term. From the time of Clutts' promotion to associate professor until May 13, 1977, Article 5.03 of SMU's by-laws stated, "The tenure of office of the members of the faculties shall be for the following terms: Professors and Associate Professors—Indefinite term...." Clutts admitted that she did not obtain actual knowledge of the provisions of Article 5.03 until some time after January 1, 1977 when she "accidentally stumbled on them...." The trial court granted SMU's motion and Clutts appeals on three points of error.

■ The purpose of the summary judgment rule is to provide a means of summarily terminating a case when it appears that only a question of law is involved and that no genuine issue of fact exists. *Straughan v. Houston Citizens Bank and Trust Company*, 580 S.W.2d 29, 32 (Tex.Civ.App.—Houston [1st] 1979, no writ). The granting of a summary judgment should be affirmed on appeal only if the record establishes a right to the summary judgment as a matter of law. *Bergman v. Oshman's Sporting Goods, Inc.*, 594 S.W.2d 814, 815 (Tex.Civ.App.—Tyler 1980, no writ). This court must view the evidence in the light most favorable to the party opposing the motion for summary judgment. *Pack v. City of Fort Worth*, 552 S.W.2d 895, 897 (Tex.Civ.App.—Ft. Worth 1977, writ ref'd n.r.e.).

Clutts' first point of error is that the trial court erred in granting summary judgment in favor of SMU because at the time she became an associate professor SMU's by-laws mandated tenure for associate professors. Clutts argues that she had a reasonable expectation SMU would conform to its by-laws, that SMU was contractually bound to her according to its by-laws, and that she, therefore, necessarily had tenure at the time of her promotion to associate professor. We do not agree and overrule this point of error.

■ This party did not cite, and we did not find, a Texas case in point. Although a

1. Appellant Clutts does not claim that she was denied due process.

by-law serves as a permanent rule to guide the conduct of corporate affairs, *Brown v. National Loan & Investment Co.,* 139 S.W.2d 364, 367 (Tex.Civ.App.—El Paso, writ dism'd judgmt. cor.), we do not believe that a general tenure provision in the by-laws of an institution of higher education automatically confers tenure upon a particular faculty member where the governing body of that institution is empowered to grant or deny tenure and chooses not to grant it. *See* 19 Am.Jur. *Corporations* § 1146 (1965). The decision of the Hawaii Supreme Court in *Abramson v. Board of Regents, University of Hawaii,* 548 P.2d 253 (Haw.1976) is instructive. The court in that case denied tenure to plaintiff Abramson stating that she "cannot alter the fact that the contract excluded, so far as the parties were capable, any implied contractual undertaking by the University to give tenure status to Plaintiff." *Abramson v. Board of Regents, University of Hawaii, supra* at 261.

Appellant cites *Arlington Independent School District v. Weekley,* 313 S.W.2d 929, 930 (Tex.Civ.App.—Ft. Worth 1958, writ ref'd n.r.e.) and *Romeike v. Houston Independent School District,* 368 S.W.2d 895, 896 (Tex.Civ.App.—Waco 1963, no writ) for the general rule that operational policies promulgated by a school board, which are effective either before or after the time the school board and the teacher enter into an employment contract, form part of the teacher's contract and govern the teacher's employment. The latest authority on this point is *Bowen v. Calellen Independent School District,* 603 S.W.2d 229, 233 (Tex. Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.) These three cases, however, involved teachers' employment contracts which were completely silent upon the questioned school board policy. They are therefore inapplicable to the instant fact situation, because Clutts' employment contract with SMU *contradicts* the tenure provision of SMU's by-laws.

■ It is clear that an "implication that would otherwise be reasonable should not be made when the contrary is indicated in clear and express words." 3 A. Corbin, *Corbin on Contracts* § 564 at 298 (1960). *See also, Terrell v. Lomas and Nettleton Financial Corp.,* 496 S.W.2d 669, 672 (Tex. Civ.App.—Tyler 1973, writ ref'd n.r.e.). We believe that since Clutts' contract clearly and expressly indicates that her employment by SMU as an associate professor was "without tenure," it would be unreasonable to imply the "indefinite" tenure provision of SMU's by-laws into Clutts' employment contract. Moreover, the rule accepted in Texas is that an extrinsic document must either be signed or referred to in the signed contract to be construed as part of the parties' agreement. *Cullipher v. Weatherby-Godbe Construction Co., Inc.,* 570 S.W.2d 161, 164 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.) citing *Owen v. Hendricks,* 433 S.W.2d 164, 167 (Tex.1968). Furthermore, absence of a specific reference to another instrument shows that the parties did not intend to contract with reference to the other instrument. *Keith A. Nelson Co. v. R. J. Jones, Inc.,* 604 S.W.2d 351, 354 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).

SMU's by-laws were not referred to in any of the letters to Clutts notifying her of her position as an associate professor "without tenure" and we do not think that Clutts and SMU intended to contract according to the tenure provision in Article 5.03 of SMU's by-laws.

■ Clutts' second point of error is that the summary judgment granted to SMU was erroneous because fact issues existed upon whether appellant has waived or is estopped from asserting that she is a tenured associate professor due to the tenure provision of SMU's by-laws. We overrule this point. Waiver and estoppel presuppose the existence of legally enforceable rights. *Estate of Blardone v. McConnico,* 604 S.W.2d 278, 283 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). In light of our holding that Clutts has no legally enforceable right to a tenured position as associate professor, no fact issues exist upon the issues of waiver or estoppel.

Clutts' third point of error is that the trial court's action in granting SMU summary judgment was incorrect because a fact issue was present upon whether appellant was entitled to damages. This point has no merit. Absent a cause of action, damages are not recoverable. 17 Tex. Jur.2d *Damages* § 2 (1960).

The judgment of the trial court is affirmed.