Raymond et al., Appellants, *v.* Scranton School District.

Argued March 3, 1958. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

 Before EAGEN, J.

*Robert E. O'Brien,* with him *Kennedy, O'Brien & O'Brien,* for appellants.

*James A. Kelly,* Solicitor, School District, City of Scranton, for appellees.

OPINION BY WATKINS, J., June 11, 1958:

This is an appeal from the entry of judgment by the Court of Common Pleas of Lackawanna County in favor of the School District and the Board of School Directors of the City of Scranton, the appellees, and an order dismissing a Writ of Mandamus brought by fourteen professional teaching employes, the appellants, to compel the said school district to pay a Two Hundred Dollar ($200) increase in yearly compensation.

There is but one action and one appeal. By agreement of counsel the case was tried by the court below without a jury on a stipulated statement of facts.

According to the undisputed facts, the appellants are all professional employees of the school district of the City of Scranton; they have satisfactory ratings; they requested appellees to pay them for the school year 1956-1957 the Two Hundred Dollar ($200) increase in annual compensation in excess for that paid for the school year 1955-1956, and appellees refused to do so; the fiscal year of the Scranton School District begins January 1 of each year; the school year of 1955-1956 was the period from July 4, 1955 to and including July 1st, 1956; and the school year 1956-1957 was the period from July 2, 1956 to and including June 30, 1957.

The appellants' claim for the increase in annual compensation is based on the provisions of Section 4 of the Act of June 1, 1956 P. L. 1948, 24 PS §11-1142, which reads as follows:

"Section 4. Notwithstanding any other provision of the Public School Code of 1949, its amendments and supplements . . . For the school year 1956-1957, professional employes of all school districts and vocational school districts and temporary professional employes, who have satisfactory ratings, shall receive an increase in annual compensation in excess of that paid for the

school year 1955-1956 . . . which shall include any service increments to which the employes are entitled under the provisions of the Public School Code of 1949, its amendments and supplements for the school year 1956-1957, and an additional payment of two hundred dollars ($200)."

The school district's refusal to comply with the provisions of this act of assembly was based upon a resolution adopted by the school board on January 9, 1956, which reads as follows:

"Resolved, that effective January 1, 1956, a salary or wage increase of 10% shall be given to all officers and employees of the School District provided that in no event shall the increase be at the rate of less than $100.00 nor more than $300.00 per year and that effective January 1, 1956 the following salary schedule for professional employees be adopted provided that the schedule shall include the aforementioned increase which shall substitute for any lesser state mandated increase and in no event shall such increase be over and above any increase of similar or greater amount which may be mandated by future state legislation."

The appellees contend, therefore, and the court below agreed with them, that the provisions providing for salary increases contained in the resolution of the school board and the act of the legislature are not cumulative and that the resolution provided merely for a temporary increase which could have been rescinded if the board deemed it necessary.

A reading of the act of the legislature, supra, with the other pertinent provision of the School Code would substantiate the appellants' position; applying the rules of statutory construction the legislature in enacting a statute is presumed to have been familiar with the law as it then existed and the construction which the courts

have placed upon it. *Wallaesa v. Wallaesa*, 174 Pa. Superior Ct. 192, 100 A. 2d 149 (1953); *Board of Christian Education of Presbyterian Church v. Philadelphia School District*, 171 Pa. Superior Ct. 610, 91 A. 2d 372 (1952).

The above rule would be particularly applicable in this case since Art. V, Section 510 and Art. XI, Section 1152 of the code are germane to the determination of the issue here involved. These sections grant to local school authorities the right to adopt certain rules and regulations, and grant temporary salary increases above minimum or mandated salaries fixed by the legislature. That local school authorities still retain these powers cannot be argued. See *Smith v. Darby School District*, 388 Pa. 301, 130 A. 2d 661 (1957); *Jones v. Kulpmont Borough School District*, 333 Pa. 581, 3 A. 2d 914 (1939). However, the local school boards do not have power to legislate and should not attempt to predetermine what action the legislature will take. The legislature would be presumed to have knowledge of the resolutions passed by local school boards relating to the question of salaries, since a local school board exists purely as a creature of the legislature—Act of 1949, March 10, P. L. 30, Art. II, Sec. 201, 24 PS §2-201.

From the inception of legislation mandating salary increases to professional teachers employed within the Commonwealth Public School System, the intent has been to raise the income level of these employees above the then existing salaries established either by action of the local school authorities or by contract with individual employees, or those mandated by the legislature.

The act of the legislature in question is clear and unambiguous and the legislature is presumed to mean what it says. Act of May 28, 1937, P. L. 1019, Art.

IV, Section 51, 46 PS §551; *Com. ex rel. Cartwright v. Cartwright,* 350 Pa. 638, which is that for the school year 1956-1957 professional employees of all school districts and vocational school districts and temporary professional employees who have satisfactory ratings, shall receive an increase in annual compensation in excess of that paid for the school year 1955-1956, etc.

The Scranton School Board could have, under its discretionary powers, granted a temporary salary increase by resolution and revoke the same. And if we assume it was temporary in nature and could have been rescinded by the board prior to the passage of the act of the legislature, the power of the board to rescind it was nullified by the action of the legislature in specifying the amount of the increased compensation which must be paid, and further providing in said act that such increase "shall be paid in addition to any annual service increment or additional increments to which such employes may be entitled by reason of acquiring a college certificate or Master's Degree and shall thereafter become a part of the regular salary of said employes". The mandatory increase provided for in the act must be cumulative, that is, in excess of any increases, of either a temporary or permanent nature which were paid to a professional employe for the school year 1955-1956.

However, the language of the resolution as adopted by the school board does not indicate any intention that the increase provided was of a temporary nature nor was it ever rescinded by any action of the board and the provision of the act of assembly that an annual increase in compensation of Two Hundred Dollars ($200) "in excess of that paid for the school year 1955-1956" could not be clearer, more explicit or less ambiguous. It seems to follow, therefore, that the mandated increase under the act of the legislature and the

ten per cent increase as provided by the resolution of the school board must be cumulative.

Judgment reversed and mandamus directed to be issued.