## Williamson v. Erie School District

*Robert H. Chase*, for plaintiff.

*W. J. Carney*, for defendant.

EVANS, P. J., April 13, 1960.—Before us is an action in which plaintiff seeks an order of court directing defendant School District of the City of Erie to pay him $200 for the school year of 1956-57 under

the provisions of the Act of June 1, 1956, P. L. (1955) 1948, 24 PS §11-1142.

This act provides that notwithstanding any other provisions of the Public School Code of March 10, 1949, P.L. 30, its amendments and supplements, professional employes of all school districts and vocational school districts and temporary professional employes who have satisfactory ratings shall receive, for the school year 1956-57, an increase in annual compensation in excess of that paid for the school year 1955-56, which shall include in addition to any service increments to which the employes are entitled under the provisions of the Public School Code of 1949 as amended, an additional payment of $200.

In Raymond v. Scranton School District, 186 Pa. Superior Ct. 352, 357, the court held that this act is clear and unambiguous to the effect that the $200 mandated increase " 'shall be paid in addition to any annual service increment or additional increments to which such employees may be entitled' " whether the increases were temporary or permanent in nature. Plaintiff, for the year 1956-57, received a normal increment of salary in the amount of $250 in accordance with previous board action and an additional amount of $300 for that year under resolution of the board so providing.

In connection therewith the following resolution was adopted:

"Mr. Nowak moved that the Board go on record as stating that the salary increase of $300.00 granted by the Board of School Directors for 1956 was done with the knowledge that state legislation was pending which might authorize teachers salary increases, and that if the state placed the burden of financing the increase on the local school district, that it be clearly understood that the increase granted by the Erie School District

was to include any state mandated increase, but that if the state financed the increase, then the teachers would receive the additional amount."

It is contended by defendants, and the testimony supports the contention, that the school teachers clearly understood that it was the express purpose of the board to grant this conditional increase, and that the official action of the board intended to and did provide that the increase was not to be effective over and above any mandated increase by the legislature which was anticipated.

It is contended by plaintiff that notwithstanding the express provisions of the Nowak resolution, he is nevertheless entitled to the $200 subsequently mandated by the legislature.

In our opinion, under the Scranton case above referred to, plaintiff must prevail, and it is entirely unimportant that defendant intended to and did qualify its grant of increase in salary in contemplation of the expected or anticipated legislative mandate.

The resolution of the Scranton School Board differs somewhat in its wording from that passed by the Erie School Board, but both resolutions are alike in that their expressed purpose was to grant the teachers a salary increase whether or not subsequent legislative action mandated the increase, but not in addition thereto. Defendant attempts to distinguish the Scranton case because it came before the court on an agreed statement of facts, which does not show that the board and the representatives of the school teachers understood and agreed to the conditional or limited provisions for increase.

In the Scranton case, the court held that regardless of what may have been understood and intended, and regardless of any other service increment annual or additional, however provided, the additional sum of

$200 must be paid. The court specifically held that it is presumed that the legislature has knowledge of resolutions passed by local school boards relating to the question of salaries, and that these boards do not have the power to legislate and should not attempt to predetermine what action the legislature will take.

We feel that we should not play with words in order to distinguish the Scranton case from the one now before us. As stated hereinbefore, the wording of the resolutions by the Scranton and Erie School Boards is somewhat different, but they nevertheless expressed identical purposes. Furthermore, in the Scranton case it was determined that it was unimportant what the school board and its teachers, through their representatives at prior conferences, may have understood and what the board intended to accomplish in consideration of what both expected might happen through legislative action.

It is well argued that this rule of law will make it difficult for any school board in the future to voluntarily grant a temporary or permanent increase. It is certain that by meeting the provisions of Act 656, the financial structure of the Erie School District will be out of balance to the extent of many thousands of dollars, if all teachers insist upon similar payments. We would be inclined to view the matter as did the Common Pleas Court of Lackawanna County in the interests of the school boards of the state and the teachers as well, but it is not within our prerogative to distinguish cases which cannot be distinguished and to ignore or overrule the law as determined by our appellate courts.

We must conclude, therefore, that regardless of the financial difficulty which will result to the Erie School District, its obligation is clear. Its function in the

matter before us is purely ministerial and the action in mandamus has been properly brought.

Now to wit, April 13, 1960, defendants are ordered and directed to pay plaintiff $200 as mandated by the Act of June 1, 1956, 24 PS §11-1142.